**Juan Manuel MURILLO–ESPINOZA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE; John Ashcroft,\* Attorney General, Respondents.**

No. 00–70096

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 12, 2001

Filed Aug. 14, 2001

---

\* John Ashcroft, Attorney General of the United States Department of Justice, is substituted for his predecessor, Janet Reno. Fed. R.App. P. 43(c)(2).

Michael Franquinha (argued), Stender & Larkin, Phoenix, Arizona, for the petitioner.

Ashley Tabaddor (argued), Assistant U.S. Attorney, Washington, D.C., and Margaret Perry, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for the respondents.

Before: CANBY, HAWKINS, and RONALD M. GOULD, Circuit Judges.

Opinion by Judge HAWKINS; Concurrence by Judge GOULD

HAWKINS, Circuit Judge:

Juan Manuel Murillo–Espinoza petitions from a final order of removal entered by the Board of Immigration Appeals ("BIA"). Murillo–Espinoza challenges the order on the ground that he is no longer removable as an alien "convicted of an aggravated felony" because the theft conviction upon which removal proceedings were based has been vacated by an Arizona state court.

## I

The facts and procedural history are not in dispute. Murillo–Espinoza, a native and citizen of Mexico, was admitted to the United States as a permanent resident in 1961. Thirty-four years later, he was convicted in Arizona on one count of theft and placed on three years probation with six months incarceration in county jail. After violating probation, Murillo–Espinoza was ordered to a term of eighteen months imprisonment.

The INS thereafter commenced removal proceedings charging Murillo–Espinoza with being an alien convicted of an aggravated felony.[1] Conceding the charge, Murillo–Espinoza applied for a discretionary waiver of inadmissibility under section 212(h) of the Immigration and Nationality Act ("INA"). See 8 U.S.C. § 1182(h). Admitting that, as an alien convicted of an aggravated felony after admission as a permanent resident, he was ineligible for a 212(h) waiver, Murillo–Espinoza raised an equal protection challenge to the statute barring such relief. The immigration judge ("IJ") rejected the equal protection argument and ordered Murillo–Espinoza removed to Mexico. A timely appeal to the BIA followed.[2]

---

1. Murillo–Espinoza's theft offense satisfies the definition of "aggravated felony" set forth in 8 U.S.C. § 1101(43)(G).

2. Murillo–Espinoza does not raise the equal protection challenge on appeal to this court.

While his BIA appeal was pending, Murillo–Espinoza obtained a state court order ("the Order") vacating his judgment of guilt and dismissing the theft charge pursuant to section 13–907(A) of the Arizona Revised Statutes[3] and then moved to terminate removal proceedings on the ground that he no longer had an aggravated felony conviction.

The BIA remanded the case so the IJ could consider the effect of the Order. Citing the BIA's decision in *In re Roldan–Santoyo,* Int. Dec. 3377, 1999 WL 126433 (BIA 1999) (en banc), *vacated on other grounds sub nom., Lujan–Armendariz v. INS,* 222 F.3d 728, 745–49 (9th Cir.2000), the IJ concluded that the Order did not eliminate the immigration ramifications of Murillo–Espinoza's theft conviction. The BIA affirmed and this timely appeal followed.

## II

■ Because the INS commenced removal proceedings after April 1, 1997, our jurisdiction is governed by 8 U.S.C. § 1252(a)(2)(C). *Kalaw v. INS,* 133 F.3d 1147, 1149–50 (9th Cir.1997). This statute deprives us of jurisdiction "to review any final order of removal against an alien who is removable by reason of having committed [an aggravated felony]." 8 U.S.C. §§ 1252(a)(2)(C), 1227(a)(2)(A)(iii). We retain jurisdiction to determine whether a petition challenging a removal order is subject to this jurisdictional bar. *Lujan–*

*Armendariz,* 222 F.3d at 734 (citations omitted).

## III

■ We review the BIA's legal conclusions regarding the INA de novo, subject to established principles of deference. *INS v. Aguirre–Aguirre,* 526 U.S. 415, 424–25, 119 S.Ct. 1439, 143 L.Ed.2d 590 (1999). "If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.,* 467 U.S. 837, 842–43, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). If, however, "the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." *Id.* at 843, 104 S.Ct. 2778.

## IV

In 1996, as part of broad changes to the immigration laws, Congress addressed the meaning of the term "conviction" by enacting the following definition:

> The term "conviction" means, with respect to an alien, a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where—

> (i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admit-

---

**3.** Section 13–907(A) provides in relevant part: [E]very person convicted of a criminal offense may, upon fulfillment of the conditions of probation or sentence and discharge by the court, apply to the judge ... who pronounced sentence or imposed probation ... to have the judgment of guilt set aside.... If the judge ... grants the application, the judge ... shall set aside the judgment of guilt, dismiss the accusations or information and order that the person be released from all penalties and disabilities resulting from the conviction other than those imposed by the department of transportation ... *except that the conviction may be used as a conviction if such conviction would be admissible had it not been set aside and may be pleaded and proved in any subsequent prosecution of such person by the state....*

(Emphasis added).

ted sufficient facts to warrant a finding of guilt, and

(ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.

8 U.S.C. § 1101(a)(48)(A).

Over the years, the BIA has wrestled with the question of when a "conviction" occurred under state statutes providing for varying degrees of deferred adjudication. It settled on a three-factor definition in *Matter of Ozkok*, 19 I & N Dec. 546 (BIA 1988). Under *Ozkok*, an alien was considered "convicted" when: (1) the alien had been found guilty or pleaded guilty or nolo contendere or had admitted sufficient facts to warrant a finding of guilty; (2) the judge had ordered some form of punishment; and (3) a judgment of guilt could be entered without further proceedings relating to guilt if the person violated terms of his probation or other court order. *Id.* at 551–52. At the same time, the BIA continued to adhere to its position that later expungement of a non-narcotic conviction was effective to prevent deportation on the basis of that conviction. *See, e.g., In re Luviano–Rodriguez*, 21 I & N Dec. 235, 237–38 (BIA 1996).

The plain words of the 1996 amendment to § 1101(a)(48)(A), enacted as part of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), adopted the first two of *Ozkok*'s three elements to define a "conviction." The amendment said nothing about expungement, and could well be interpreted to establish only *when* a conviction occurred without determining what might be the effect of a later expungement. *See Lujan–Armendariz*, 222 F.3d at 741–42.

■ The BIA has recognized this possibility, however, and has concluded, after examining the legislative history of the 1996 amendment, that Congress intended to establish a uniform federal rule that precluded the recognition of subsequent state rehabilitative expungements of convictions. *See In re Roldan–Santoyo*, Int. Dec. 3377, 1999 WL 126433 (BIA 1999) (en banc), *order vacated on other grounds sub nom. Lujan–Armendariz*, 222 F.3d at 728. As the BIA stated:

Congress clearly does not intend that there be different immigration consequences accorded to criminals fortunate enough to violate the law in a state where rehabilitation is achieved through the expungement of records evidencing what would otherwise have been a conviction under section 101(a)(48)(A), rather than in a state where the procedure achieves the same objective simply through deferral of judgment.

*In re Roldan–Santoyo*, 1999 WL 126433 at *20.

Although the BIA's interpretation of the 1996 amendment is not, in our view, the only plausible one, it certainly is "a permissible construction of the statute" entitled to deference under *Chevron*. We therefore apply the BIA's interpretation, which establishes that Murillo–Espinoza stands convicted of the aggravated felony on which his order of removal is based.

Accordingly, we have no jurisdiction to review the final order of removal.

PETITION DENIED.

GOULD, Circuit Judge, concurring:

I concur in the result reached by the majority, but reach my conclusion based on the plain language of 8 U.S.C. § 1101(a)(48)(A). In my view, we need not consider the parties' arguments regarding legislative history or *Chevron* deference. The statutory language of Congress is too clear to be disregarded.

Section 1101(a)(48)(A) unambiguously defines "conviction" as a "formal judgment of guilt entered by a court," and does not expressly exempt vacated convictions.

When, as here, the manifested intent of Congress in its command is so clear, it is not correct to base a decision on legislative history or deference to an administrative agency. *Chevron* by its terms is inapplicable.

This conclusion about the plain meaning of § 1101(a)(48)(A) is consistent with the decisions of two other circuits that have considered this statute, though in different contexts. In *Herrera–Inirio v. INS,* 208 F.3d 299 (1st Cir.2000), the First Circuit described § 1101(a)(48)(A) as "leav[ing] nothing to the imagination." *Id.* at 304. The court further said that "state rehabilitative programs that have the effect of vacating a conviction other than on the merits or on a basis tied to the violation of a statutory or constitutional right in the underlying criminal case have no bearing in determining whether an alien is to be considered 'convicted' under section 1101(a)(48)(A)." *Id.* at 305. Similarly, the Second Circuit has observed that nothing in § 1101(a)(48)(A) "excepts from [the] definition a conviction that has been vacated," and held that a conviction vacated by a state court constitutes a conviction for purposes of a sentencing enhancement under 8 U.S.C. § 1326. *United States v. Campbell,* 167 F.3d 94, 98 (2d Cir.1999).

Thus the majority reaches the right result for the wrong reason, and in doing so, inverts the proper order of analysis. I decline to join in the majority's rationale, for it may lead to error in future cases.