Albert **NAVARRO–VALTIERRA**
Petitioner,

v.

John **ASHCROFT**,\* Respondent.

No. 00–70912.
I & NS No. A24–733–862.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 10, 2001.

Decided Sept. 5, 2001.

Before HUG, GRABER, and W. FLETCHER, Circuit Judges.

MEMORANDUM \*\*

Alberto Navarro–Valtierra ("Navarro") appeals a decision of the Board of Immigration Appeals ("BIA") finding him removable. In 1998, Navarro pled guilty to a drug trafficking offense in California, but that conviction was later "expunged" by a California court. Navarro contends that his expunged conviction cannot form the basis for his removal. We hold that we lack jurisdiction to hear his appeal.

The jurisdiction-stripping provision of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRI-

---

\* John Ashcroft, Attorney General of the United States, is substituted for his predecessor Janet Reno. Fed. R.App. P. 43(c)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

RA"), codified at 8 U.S.C. § 1252(a)(2)(C), precludes judicial review of "any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2) ... of this title." Section 1182(a)(2)(A)(i), (i)(II), in turn, makes inadmissible "any alien convicted of, or who admits having committed" a violation of any state law "relating to a controlled substance." Navarro concedes that he was convicted of possession for sale or purchase for purpose of sale of a controlled substance (in his case, cocaine) in violation of California Health & Safety Code § 11351. He contends, however, that because his guilty plea was "expunged" pursuant to California Penal Code § 1203.4, it no longer counts as a "conviction" as defined by 8 U.S.C. § 1101(a)(48)(A). Therefore, he contends, it cannot form the basis for his removal.

Based on the legislative history of IIRI-RA, the BIA has interpreted 8 U.S.C. § 1101(a)(48)(A) to establish a uniform rule precluding the recognition of state rehabilitative expungements of convictions. We recently affirmed that interpretation in *Murillo–Espinoza v. INS*, 261 F.3d 771 (9th Cir.2001) (upholding *In re Roldan–Santoyo*, Int. Dec. 3377, 1999 WL 126433 (BIA 1999) (en banc)). Based on our holding in *Murillo–Espinoza*, we find that Navarro stands convicted of a violation of a state law relating to a controlled substance. Accordingly, we have no jurisdiction to review the final order of removal in his case.

PETITION DENIED.