Artemio **GABRIEL–VELASQUEZ**,
Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE**,
Respondent.

No. 99–71065.

I & NS No. A92–836–036.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 16, 2001.

Decided Oct. 18, 2001.

---

* The Honorable B. Lynn Winmill, Chief United States District Judge for the District of Idaho, sitting by designation.

Before WOOD, JR.,* KOZINSKI and O'SCANNLAIN, Circuit Judges.

### MEMORANDUM **

 Petitioner argues that, because he entered the United States without inspection and subsequently had his status changed to that of permanent resident, he was never admitted for purposes of 8 U.S.C. § 1227(a)(2)(A)(iii) (2000). In rejecting this argument, the Board relied on its interpretation of the phrase "after admission" set out in *In re Rosas–Ramirez*, No. A92 125 313, 1999 WL 187054(BIA). We defer to the Board's interpretation as a "permissible construction of the statute," *see INS v. Aguirre–Aguirre*, 526 U.S. 415, 424, 119 S.Ct. 1439, 143 L.Ed.2d 590 (1999) (quoting *Chevron U.S.A. Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 843, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984)), and conclude that petitioner was convicted of an aggravated felony "after admission" to the United States, 8 U.S.C. § 1227(a)(2)(A)(iii) (2000). Consequently, we lack jurisdiction to consider this claim further. *Flores–Miramontes v. INS*, 212 F.3d 1133, 1135 (9th Cir.2000) (a "narrow exception" to "the jurisdictional bar relating to criminal removal orders" confers only "jurisdiction to determine whether jurisdiction exists") (internal quotations and citations omitted).

 Petitioner also argues that the subsequent expungement of his conviction

---

* The Honorable Harlington Wood, Jr., Senior Circuit Judge for the Seventh Circuit Court of Appeals, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

eliminates it as a ground for removal. This argument is foreclosed by *Murillo–Espinoza v. INS*, 261 F.3d 771 (9th Cir. 2001), which concluded that the Board's interpretation of 8 U.S.C. § 1101(a)(48)(A) is entitled to deference. *Id.* at 774; *see also Aguirre–Aguirre*, 526 U.S. at 424, 119 S.Ct. 1439.

AFFIRMED.

---

\* The Honorable Samuel P. King, Senior District Judge, United States District Court for the District of Hawaii, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.