J. Ascuncion GONZALEZ–MELENDRES,
Petitioner,

v.

· IMMIGRATION AND NATURALIZATION SERVICE
Respondent.

No. 01–70036.
I & NS No. A28–939–213.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 7, 2001.*

Decided Dec. 13, 2001.

Before BEEZER and WARDLAW, Circuit Judges, and SCHWARZER, District Judge.**

MEMORANDUM ***

J. Ascuncion Gonzalez–Melendres ("Petitioner"), a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals ("BIA"), which found Petitioner removable from the United States based on his 1993 conviction for "possession of a firearm by a felon" in violation of California Penal Code § 12025(a). Petitioner is an alien who had permanent legal resident status in the United States since 1988, prior to the Immigration and Naturalization Service's is-

---

** The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

suance of the Order to Show Cause. We retain "jurisdiction to determine whether jurisdiction exists" and to conclude whether an alien has been convicted for the purpose of removal in immigration proceedings. *Flores–Miramontes v. INS,* 212 F.3d 1133, 1135–36 (9th Cir.2000). We must dismiss an alien's petition for lack of jurisdiction, however, if it is determined that Petitioner was convicted under any law of the United States for a firearm offense under 8 U.S.C. § 1251(a)(2)(C) (1994). We review the BIA's legal conclusions *de novo,* although the BIA's interpretation of the meaning of the statute is entitled to deference. *INS v. Aguirre–Aguirre,* 526 U.S. 415, 424–25, 119 S.Ct. 1439, 143 L.Ed.2d 590 (1999).

Petitioner argues that the expungement of his 1993 conviction by order of the Superior Court of California on January 24, 1996, eliminates the conviction as a ground for removal in immigration proceedings. This argument is foreclosed by *Murillo–Espinoza v. INS,* 261 F.3d 771 (9th Cir.2001), which held that convictions expunged under state rehabilitative statutes remain viable as grounds for removal in immigration proceedings. *Id.* at 774: *see also Aguirre–Aguirre,* 526 U.S. at 424, 119 S.Ct. 1439.

Because the Petitioner was convicted of a firearms offense under 8 U.S.C. § 1101(a)(43)(A), we must dismiss this petition for lack of jurisdiction.

DISMISSED.