**Victor SANCHEZ–SANTUR,**
**Plaintiff–Appellant,**

v.

**John ASHCROFT, U.S. Attorney**
**General, Defendant–**

**Appellee.***

No. 99–71093.

I & NS No. A36–626–507.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 7, 2001.**

Decided Aug. 2, 2002.

---

* John Ashcroft, is substituted for his predecessor Janet Reno, as U.S. Attorney General. Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before BEEZER and WARDLAW, Circuit Judges, and SCHWARZER, District Judge.\*\*\*

MEMORANDUM\*\*\*\*

Victor Sanchez–Santur ("Petitioner"), a native and citizen of Peru, petitions for review of the decision of the Board of Immigration Appeals ("BIA"), which found Petitioner removable from the United States based on his 1990 conviction for a "Lewd Act Upon a Child" in violation of California Penal Code § 288(a). Petitioner is an alien, who had permanent legal resident status in the United States since 1979, prior to his detention by the Immigration and Naturalization Service. We have jurisdiction to determine whether Petitioner: (1) is an alien who; (2) is removable because; (3) he was convicted of an aggravated felony. *See Matsuk v. INS*, 247 F.3d 999, 1000–02 (9th Cir.2001). We review both the BIA's legal conclusions and Petitioner's claims of due process violations *de novo, Abovian v. INS*, 219 F.3d 972, 978 (9th Cir.2000), although the BIA's interpretation of the meaning of the statute is entitled to deference. *INS v. Aguirre–Aguirre*, 526 U.S. 415, 424–25, 119 S.Ct. 1439, 143 L.Ed.2d 590 (1999).

■ Petitioner argues that the expungement of his 1990 conviction by order of the Superior Court of California on August 16, 1996, eliminates the conviction as grounds for removal in immigration proceedings. This argument is foreclosed by *Murillo–Espinoza v. INS*, 261 F.3d 771 (9th Cir. 2001), which held that convictions expunged under state rehabilitative statutes remain viable as grounds for removal in immigration proceedings. *Id.* at 774; *see also Aguirre–Aguirre*, 526 U.S. at 424–25.

■ Petitioner also argues that his Equal Protection rights under the Fifth Amendment's Due Process Clause were violated by the retroactive application of § 322(c) of the Illegal Immigration and Immigrant Responsibility Act of 1996 ("IIRIRA"), which expanded the definition of "aggravated felon" to include aliens convicted of "sexual abuse of a minor" and precluded his ability to seek relief from removal. The plain language of the statute, however, is unambiguous as to Congress's intent that IIRIRA § 322(c) applies retroactively. The Supreme Court has held that Congress and the Executive Branch of Government have authority over immigration issues as they affect foreign relations. *INS v. Aguirre–Aguirre*, 526 U.S. at 424–25; *Fiallo v. Bell*, 430 U.S. 787, 792, 97 S.Ct. 1473, 52 L.Ed.2d 50 (1977). Furthermore, an alien has no vested right under the United States Constitution in not being deported under the United States Constitution. *Appiah v. United States INS*, 202 F.3d 704, 710 (4th Cir. 2000). Therefore, Petitioner's Fifth Amendment rights have not been violated by the retroactive application of 8 U.S.C. § 1101(a)(43)(A) and he is an aggravated felon under the definition set out in IIRIRA.

■ Petitioner makes the same constitutional challenge to the BIA's retroactive

---

\*\*\* The Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

\*\*\*\* This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

application of the Immigration & Nationality Act of 1952 ("INA"). Petitioner is not precluded from seeking relief under the former INA § 212(c) because he pleaded guilty to the aggravated felony prior to the repeal of the section by IIRIRA. *INS v. St. Cyr*, 533 U.S. 289, 325–26, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001).

■ Because the Petitioner is an aggravated felon under 8 U.S.C. § 1101(a)(43)(A), we must dismiss this claim for lack of jurisdiction. Petitioner, however, may pursue discretionary relief by way of habeas corpus proceedings in accordance with the Supreme Court's holding in *St. Cyr. Id.* at 314. We stay the mandate for removal for an additional 30 days from the date of this order to allow Petitioner to file a habeas corpus petition in the district court under 28 U.S.C. § 2241.

DISMISSED in part; DENIED in part.