**Ramiro VERA–BEDOLLA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–70812.
INS No. A41–834–908.

United States Court of Appeals,
Ninth Circuit.

Submitted March 7, 2003.*

Decided March 28, 2003.

Before LAY,** HAWKINS, and TALLMAN, Circuit Judges.

## MEMORANDUM***

Petitioner Ramiro Vera–Bedolla, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals ("BIA") dismissing his appeal of the immigration judge's denial of his motion to reopen deportation proceedings conducted *in absentia.* Vera–Bedolla raises two issues on appeal: (1) that his prior conviction for possession of a single marijuana cigarette does not properly form the basis for deportation; and (2) the BIA abused its discretion in refusing to reopen his deportation proceedings. We review the BIA's denial of a motion to reopen for abuse of discretion. *Salta v. INS,* 314 F.3d 1076, 1078 (9th Cir.2002).

Vera–Bedolla argues that his conviction for possession of one marijuana cigarette should not form the basis for deportation, noting that section 602 of the Immigration Act of 1990 ("IMMACT") amended the Immigration and Nationality Act to exempt this type of conviction from the list of deportable offenses.

Although IMMACT amended the list of deportable offenses to exclude any controlled substance offense involving thirty or fewer grams of marijuana, section 602(d) provides that the amendment shall not apply to deportation proceedings for which notice has been provided to the alien before March 1, 1991. The Immigration and Naturalization Service provided Vera–Bedolla with an Order to Show Cause on May 17, 1989, and consequently the amendment exempting minor drug offenses from the list of deportable offenses does not apply to Vera–Bedolla.

Vera–Bedolla points out that his underlying conviction was recently set aside by an Arizona state court on October 30, 2002. As a general rule, an expunged conviction still qualifies as a conviction for purposes of deportation. *Murillo–Espinoza v. INS,* 261 F.3d 771 (9th Cir.2001). However, given the fact that Vera–Bedolla's expunged conviction was for first-time possession of a single marijuana cigarette, he may qualify for an exemption, justifying remand. *See Lujan–Armendariz v. INS,* 222 F.3d 728, 749 (9th Cir.2000). Accordingly, a new deportation hearing is warranted.

Because we find that Vera–Bedolla has established a *prima facie* showing for relief, we do not reach his argument regarding the Board's abuse of discretion in denying his request to reopen his deportation proceedings.

The petition for review is granted. We REMAND to the Board of Immigration Appeals with instructions that Vera–Bedolla be given a new deportation hearing for a determination of the effect of the expungement of his conviction.

REMANDED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.