Jose Antonio HERNANDEZ–
FERNANDEZ, Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 02–71189.
INS No. A91–684–174.

United States Court of Appeals,
Ninth Circuit.

Submitted April 7, 2003.*

Decided April 21, 2003.

Before RYMER, KLEINFELD, and
FISHER, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

MEMORANDUM**

Jose Hernandez–Fernandez ("Hernandez"), a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals ("BIA") order dismissing his appeal from an Immigration Judge's ("IJ") decision pretermitting and denying his application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo the BIA's interpretation of the Immigration and Nationality Act, *Ramirez–Castro v. INS,* 287 F.3d 1172, 1174 (9th Cir.2002), and we deny the petition for review.

Although Hernandez obtained an expungement for the conviction which rendered him ineligible for cancellation of removal after the IJ denied his application, this court has upheld the BIA's interpretation that "Congress intended to establish a uniform federal rule that precluded the recognition of subsequent state rehabilitative expungements of convictions" in removal proceedings. *See Murillo–Espinoza v. INS,* 261 F.3d 771, 774 (9th Cir.2001) (discussing definition of "conviction" in 8 U.S.C. § 1101(a)(48)(A)).

**PETITION DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.