Salvador COVARRUBIAS–ROJAS, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–74524.
Agency No. A75–109–475.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 3, 2004.*

Decided Nov. 10, 2004.

Philippe Dwelshauvers, Fresno, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Earle B. Wilson, Esq., Jennifer A. Parker, U.S. Department of Justice, Washington, DC, for Respondent.

Before CANBY, RYMER, and HAWKINS, Circuit Judges.

MEMORANDUM **

We dismiss Covarrubias–Rojas's petition for lack of jurisdiction. Covarrubias–Rojas was convicted of a crime of moral turpitude and found removable pursuant to 8 U.S.C. § 1182(a)(2)(A)(i)(I).[1] Contrary to Covarrubias–Rojas's argument, this court's decision in *Alvarez–Santos v. INS,*

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Although his conviction for vehicle burglary was later expunged, this does not eliminate the immigration consequences of the conviction. *See Ramirez–Castro v. INS,* 287 F.3d 1172, 1175 (9th Cir.2002); *Murillo–Espinoza v. INS,* 261 F.3d 771, 774 (9th Cir.2001).

332 F.3d 1245 (9th Cir.2003), does not indicate that review is permissible in this case. In *Alvarez–Santos*, the petitioner was charged as removable on two grounds—entering the United States without permission and conviction of a crime of moral turpitude—but ordered removed only for entering without permission. *Id.* at 1248–49. In contrast, the immigration judge in this case specifically found Covarrubias–Rojas removable on both charges. Accordingly, we lack jurisdiction over his appeal. 8 U.S.C. § 1252(a)(2)(C) ("no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2)").

PETITION DISMISSED.