**Romeo Arnulfo Larin PALACIOS, aka Romero Arnulfo Larin, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 04–70544.

United States Court of Appeals, Ninth Circuit.

Submitted May 6, 2005.\*\*

Decided May 20, 2005.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**392**

Christopher H. Howard, Alexander A. Baehr, Esq., Holland & Knight LLP, Seattle, WA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Cindy S. Ferrier, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BROWNING, FISHER, and BYBEE, Circuit Judges.

MEMORANDUM ***

This case is a petition for review of a decision of the Board of Immigration Appeals which held that the petitioner was removable from the United States because

*** This disposition is not appropriate for publication and may not be cited to or by the

he had been convicted of two crimes of moral turpitude, despite the fact that those crimes had been expunged pursuant to California's rehabilitative statute, Cal.Penal Code § 1203.4. The BIA found him ineligible for cancellation of removal for the same reasons. We DENY the petition for review.

The federal courts are precluded from considering a final order of removal against an alien when the alien was found removable for having committed a crime of moral turpitude. 8 U.S.C. § 1252(a)(2)(C). However, we do have jurisdiction to determine whether or not we can permissibly exercise jurisdiction. *Lujan–Armendariz v. INS*, 222 F.3d 728, 734 (9th Cir.2000).

■ The BIA has held that under 8 U.S.C. § 1101(a)(48)(A) the INS does not recognize state rehabilitative expungements of convictions. *In Re Roldan–Santoyo*, 22 I. & N. Dec. 512 (BIA 1999) (en banc), *vacated on other grounds sub nom. Lujan–Armendariz*, 222 F.3d 728 (9th Cir. 2000). This court subsequently affirmed that decision, holding that the BIA's interpretation was a "permissible construction of the statute" and thus entitled to deference under *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). *Murillo–Espinoza v. INS*, 261 F.3d 771, 774 (9th Cir.2001).

Further, in a case with facts remarkably similar to the instant case, this court held again that "it is reasonable for the BIA to conclude that a conviction expunged under [Cal.Penal Code § 1203.4] remains a conviction for purposes of federal law" and that there exists a "general rule that convictions expunged under state law retain their immigration consequences." *Ramirez–Castro v. INS*, 287 F.3d 1172, 1175

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

(9th Cir.2002). Thus the BIA did not err in treating the petition's expunged convictions as convictions for crimes of moral turpitude under 8 U.S.C. § 1182(a)(2).

 Petitioner also argues that the BIA erred in not ordering cancellation of removal. Petitioner was first admitted to temporary residency on July 29, 1987. His convictions occurred two years later, on August 1, 1989. Since the subsequent expungement of the convictions does not eliminate their immigration consequences, the BIA did not err when it found that the convictions made him ineligible for the remedy of cancellation of removal.

Since the petitioner was found removable for having committed a crime of moral turpitude, this court lacks jurisdiction to review the BIA's decision under 8 U.S.C. § 1252(a)(2)(C).

The petition for review is DENIED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.