Juana MOSQUEDA–ARAUJO,
Petitioner,

v.

Alberto R. GONZALES,* Attorney
General, Respondent.

No. 03–71706.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 8, 2005.

Decided June 16, 2005.

Gary Finn, Esq., Attorney at Law, Indio, CA, for Petitioner.

District Director, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Lyle D. Jentzer, Esq., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: TROTT and W. FLETCHER, Circuit Judges, and RESTANI,** Judge.

MEMORANDUM ***

Juana Mosqueda–Araujo ("Mosqueda") petitions for review of the BIA's dismissal

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the

of her appeal of the Immigration Judge ("IJ")'s removal order. Mosqueda contends that she was seized by a Border Patrol agent in the absence of reasonable suspicion, and that she was prejudiced by the agent's violation of 8 C.F.R. § 287.3, a regulation that requires in most cases that an alien be examined by an officer other than the arresting officer. Mosqueda further argues that the IJ erred by informing her that she could not testify at her removal hearing without waiving her Fifth Amendment right not to answer questions concerning her alienage and immigration status. Our review is limited to the BIA's decision, except to the extent that the BIA expressly adopted the IJ's opinion. *See Singh v. Ashcroft*, 351 F.3d 435, 438 (9th Cir.2003). We review the BIA's legal conclusions de novo, subject to deference to the BIA's interpretation of the Immigration and Nationality Act. *Murillo–Espinoza v. INS*, 261 F.3d 771, 773 (9th Cir.2001).

Although the exclusionary rule does not generally apply in immigration proceedings, the Supreme Court has left open the possibility of using the exclusionary rule in the case of "egregious violations of Fourth Amendment or other liberties that might transgress notions of fundamental fairness and undermine the probative value of the evidence obtained." *INS v. Lopez–Mendoza*, 468 U.S. 1032, 1050, 104 S.Ct. 3479, 82 L.Ed.2d 778 (1984); *see also Orhorhaghe v. INS*, 38 F.3d 488, 492–93 (9th Cir.1994). Even if we were to assume that Mosqueda was seized, and that her seizure violated the Fourth Amendment, Agent Arredondo's conduct did not constitute an "egregious" violation of the Fourth Amendment such that suppression would be required.

■ Mosqueda also argues that Form I–213, which was completed by the arresting agent, must be suppressed because her interrogation at the Border Patrol station violated 8 C.F.R. § 287.3. We have held that a violation of an INS regulation invalidates a deportation proceeding only if "the regulation serves a purpose of benefit to the alien" and "the violation prejudiced interests of the alien which were protected by the regulation." *United States v. Calderon–Medina*, 591 F.2d 529, 531 (9th Cir. 1979). We agree with the BIA that Mosqueda failed to establish prejudice from the violation of § 287.3 because she had already admitted her alienage and illegal status during her initial questioning on the street by the Border Patrol agent. Therefore, suppression of the Form I–213 was not required.

■ Finally, even if the IJ erroneously informed Mosqueda that she would have to answer questions regarding her alienage and immigration status if she chose to testify in support of her motion to suppress Form I–213, this error was harmless. Mosqueda's motion to suppress Form I–213 was not prejudiced by her failure to testify because, as we noted above, she had already admitted her alienage and immigration status during her initial questioning. Further, there is no indication that she would have testified that Agent Arredondo's conduct was significantly different from the way Agent Arredondo described it. That is, there is no indication that she would have described "egregious" conduct by Agent Arredondo.

**PETITION FOR REVIEW DENIED.**