Jose Edmundo ESPINOZA–
CONTRERAS, Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 03–73471.

United States Court of Appeals,
Ninth Circuit.

Submitted June 25, 2007 *.

Filed Aug. 9, 2007.

Christopher J. Stender, Esq., Stender & Associates, Phoenix, AZ, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Oil Room 700S, Office of Immigration Litigation Civil Division, Department of Justice, Washington, DC, for Respondent.

Before: FARRIS, BOOCHEVER, and LEAVY, Circuit Judges.

## MEMORANDUM **

Jose Espinoza–Contreras, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals summarily affirming an immigration judge's (IJ) order finding him statutorily ineligible for cancellation of removal because of his conviction for a firearms offense. We have jurisdiction under 8 U.S.C. § 1252 and we dismiss the petition for review.

The IJ correctly concluded that Espinoza–Contreras was ineligible for cancellation of removal because of his Arizona state conviction for carrying a concealed weapon. *See* 8 U.S.C. § 1229b(b)(1)(C) (to establish eligibility for cancellation of removal, alien must prove that he has "not been convicted of an offense under section ... 1227(a)(2) ... of this title"); *Ramirez–Castro v. INS,* 287 F.3d 1172, 1173 (9th Cir.2002) (treating conviction for carrying a concealed weapon as a firearms conviction under 8 U.S.C. § 1227(a)(2)(C)).

Espinoza–Contreras' 1994 conviction qualifies as a conviction for federal immigration law purposes regardless of the fact that the conviction was later expunged pursuant to ARIZ.REV.STAT. § 13–907. *See Murillo–Espinoza v. INS,* 261 F.3d 771, 774 (9th Cir.2001).

Therefore, we lack jurisdiction to review further the final order of removal. 8 U.S.C. § 1252(a)(2)(C).

**PETITION FOR REVIEW DISMISSED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

