Hector Manuel DELATORRE–
SOLIS, Petitioner,

v.

Michael B. MUKASEY,* Attorney
General, Respondent.

No. 05–70349.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 18, 2008.

Filed Feb. 14, 2008.

Peter L. Ashman, Esq., Las Vegas, NV, for Petitioner.

NVL–District Counsel, Office of the District Counsel, Department of Homeland Security, Las Vegas, NV, Ronald E. LeFevre, Chief, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Norah Ascoli Schwarz, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: NOONAN, W. FLETCHER, and BEA, Circuit Judges.

## MEMORANDUM **

After being charged in October 2000 with felony mayhem in violation of Nevada Revised Statutes 200.280, Delatorre–Solis engaged in plea negotiations with the state. The result was an agreement described in a December 12, 2000, report by the Nevada Department of Motor Vehicles and Public Safety, Division of Parole and Probation, which provided that if Delatorre–Solis "successfully completes probation and pays full restitution, the defendant may withdraw his plea and plead

---

* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

guilty to" a gross misdemeanor. On December 29, 2000, the court convicted Delatorre–Solis on his guilty plea, sentenced him to a maximum prison term of 48 months, suspended the execution of the sentence, and "placed [him] on probation for an indeterminate period not to exceed three (3) years." In January 2004—just over three years later—the Nevada court allowed Delatorre–Solis to withdraw his felony plea and to enter instead a plea of guilty to a gross misdemeanor. He was resentenced on February 5, 2004, to three days of detention, and was given credit for three days already served.

On January 28, 2003, the immigration judge found Delatorre–Solis removable under INA § 237(a)(2)(A)(iii), ineligible for relief from removal, and ineligible for adjustment of status. The Board of Immigration Appeals (BIA) issued a summary affirmance in March 2004. Delatorre–Solis moved before the BIA to reopen, arguing that because of his changed conviction to a gross misdemeanor he no longer had a "conviction" as defined by 8 U.S.C. § 1101(a)(48)(A) requiring his removal. The BIA denied the motion in July 2004 and denied the motion to reconsider in December 2004. The BIA found it "apparent" that Delatorre–Solis's "Second Amended Judgement is a result of the respondent's successful completion of the conditions of his probation." Delatorre–Solis petitions for review of that decision.

We review the BIA's ruling on a motion to reopen for abuse of discretion. *Maravilla Maravilla v. Ashcroft*, 381 F.3d 855, 857 (9th Cir.2004). "The granting of a motion to reopen is ... discretionary, and the Attorney General has 'broad discretion' to grant or deny such motions." *INS v. Doherty*, 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992) (citations omitted).

We hold that the BIA did not abuse its discretion in holding that the expungement of Delatorre–Solis's felony mayhem conviction does not fit within any of the exceptions to the rule that a conviction for immigration purposes survives subsequent expungements. *See Murillo–Espinoza v. INS*, 261 F.3d 771, 774 (9th Cir.2001).

The temporary stay of removal entered by this court will remain in effect until the mandate issues.

PETITION DENIED.