Mauricio PENA, Petitioner,

v.

MichaeL B. MUKASEY, Attorney General, Respondent.

No. 05–75573.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 19, 2007.

Filed Feb. 21, 2008.

Charles T. Morgan, Law Offices of Charles Morgan, Los Angeles, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, Allen W. Hausman, Attorney, John P. Devaney, Esq., U.S. Department of Justice, Civil Div./Office, Washington, DC, for Respondent.

Before: BEEZER, TROTT, and GRABER, Circuit Judges.

MEMORANDUM *

Mauricio Pena appeals the Board of Immigration Appeals' ("BIA") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We deny the petition.

* This disposition is not appropriate for publication and is not precedent except as provided

We reject the government's position that we must remand to the BIA to decide in the first instance whether Pena is a member of a social group for the purposes of asylum or withholding of removal. The BIA issued a final decision holding that Pena "is not eligible for asylum or withholding of removal" because "he failed to establish that he is a member of a particular social group." Consequently, the BIA ruled on the issue, and we have jurisdiction pursuant to 8 U.S.C. § 1252.

We review de novo questions of law raised in a petition for review. *Murillo–Espinoza v. INS,* 261 F.3d 771, 773 (9th Cir.2001). Pena does not meet the statutory definition of refugee and has not established that he is eligible for asylum or withholding of removal because, regardless of whether Pena is a current gang member, former gang member, or imputed gang member, he does not meet the Ninth Circuit's definition of a social group. *Arteaga v. Mukasey,* 511 F.3d 940, 945–46 (9th Cir.2007). Because Pena does not meet the definition of a refugee, we do not consider whether the immigration judge abused his discretion in denying asylum. *Kazlauskas v. INS,* 46 F.3d 902, 905 (9th Cir.1995).

Reviewing for substantial evidence, *Bellout v. Ashcroft,* 363 F.3d 975, 979 (9th Cir.2004), the evidence does not compel a conclusion that Pena qualifies for relief under the CAT.

DENIED.