**Jose Rolando DUVON, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–74173.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 19, 2007.

Filed Feb. 21, 2008.

Ashley M. Bauer, Esq., Margaret Tough, Jill Zimmerman, Esq., Latham &

Watkins, LLP, San Francisco, CA, Menlo Park, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, District Counsel, Office of the District Chief Counsel, Phoenix, AZ, Richard M. Evans, Esq., Paul Fiorino, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: BEEZER, TROTT, and GRABER, Circuit Judges.

MEMORANDUM *

Jose Rolando Duvon appeals the Board of Immigration Appeals' ("BIA") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny in part and grant and remand in part the petition for review.

We review de novo questions of law raised in a petition for review. *Murillo–Espinoza v. INS,* 261 F.3d 771, 773 (9th Cir.2001). Duvon does not meet the statutory definition of refugee and has not established that he is eligible for asylum or withholding of removal because, regardless of whether Duvon is a current gang member, former gang member, or imputed gang member, he does not meet the Ninth Circuit's definition of a social group. *Arteaga v. Mukasey,* 511 F.3d 940, 945–46 (9th Cir.2007). Furthermore, because Duvon is not eligible for asylum, we do not consider whether the immigration judge applied an improper legal standard or abused his discretion in determining that

* This disposition is not appropriate for publication and is not precedent except as provided

Duvon's crimes as a juvenile statutorily barred him from asylum and withholding of removal.

Because it is not clear whether the BIA relied on the disapproved acquiescence standard set forth in *In re S–V–,* 22 I. & N. Dec. 1306 (B.I.A.2000) (en banc), *overruled by Zheng v. Ashcroft,* 332 F.3d 1186, 1194–96 (9th Cir.2003), in rejecting Duvon's CAT petition, we remand to allow the BIA to reconsider the petition applying the standard announced in *Zheng. See INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) ("Generally speaking, a court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands.").

The petition for review is **DENIED** in part, and **GRANTED** and **REMANDED** in part.