Filed 9/18/13  P. v. Lambey CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B245504 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA161388) |
| v. | |
| JEAN LAMBEY, | |
| Defendant and Appellant. | |

THE COURT:[*]

Jean Lambey (defendant) appeals following the denial of her motion to vacate her 1998 guilty plea to one count of assault with a deadly weapon in violation of Penal Code section 245, subdivision (a)(1).[1]  The trial court granted defendant's request for a certificate of probable cause.

We appointed counsel to represent defendant on this appeal.  After examination of the record, counsel filed an "Opening Brief" containing an acknowledgment that she had been unable to find any arguable issues.  On May 1, 2013, we advised defendant that she had 30 days within which to personally submit any contentions or issues that she wished us to consider.  No response has been received to date.

---

[*]     BOREN, P.J., ASHMANN-GERST, J., CHAVEZ, J.

[1]     All further references to statutes are to the Penal Code unless stated otherwise.

The record shows that, on July 23, 2012, defendant filed a motion to vacate her 1998 guilty plea based on ineffective assistance of counsel.  In the motion, defendant stated that she did not recall her attorney at the taking of the plea asking her if she was a United States citizen or advising her that the guilty plea would permanently and negatively affect her immigration status and future applications.  Her attorney did not advise her to consult an attorney with specialized knowledge of United States immigration laws.

The record contains a minute order dated March 24, 1998, stating that defendant pleaded guilty to the charge of assault with a deadly weapon. There is no reporter's transcript of the plea hearing.  The minute order shows that defendant was advised, "If you are not a citizen, you are hereby advised that a conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."  Imposition of sentence was suspended and defendant was placed on three years of formal probation.

On November 19, 2001, the trial court terminated defendant's probation.  The minute order from that proceeding states that the trial court granted defendant's motions pursuant to sections 1203.4 or 1203.4a and 17.  Although there is no reporter's transcript, it appears the court reduced defendant's offense to a misdemeanor, allowed her to withdraw her plea of guilty, and dismissed the information under section 1203.4.  In her motion to vacate, defendant noted that a section 1203.4 motion is of no consequence for immigration purposes, citing *People v. Totari* (2002) 28 Cal.4th 876, 879-880 (defendant deported despite the expungement of his record under sections 1203.3 and 1203.4).  Defendant notes that immigration authorities are free to ignore state rehabilitative reductions and expungements for immigration purposes, citing *Murillo-Espinoza v. I.N.S.* (9th Cir. 2001) 261 F.3d 771, 774 (court adopts conclusion of Board of Immigration Appeals that Congress intended to establish a uniform federal rule precluding recognition of subsequent state rehabilitative expungements of convictions).

In denying defendant's motion to vacate her 1998 plea, the court below observed that the minute order clearly reflects that defendant was advised of her immigration consequences by either the district attorney or the court in the taking of the plea. The court also noted that under section 1203.4, defendant's plea had already been withdrawn and the case dismissed, and "technically, there is no case." Defense counsel requested that, if the court was inclined to deny the motion to vacate, it do so without prejudice so that he might further research the issue and resubmit the motion if the research proved fruitful. The trial court denied the motion without prejudice.

We have examined the entire record and are satisfied that defendant's attorney has fully complied with her responsibilities and that no arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

The order denying the motion to vacate is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.