FILED

DEC 02 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FELIX DE JESUS RAMOS, | No. 09-74089 |
| Petitioner, | |
| v. | Agency No. A073-937-286 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 8, 2013
San Francisco, California

Before: FARRIS, BLACK[**], and IKUTA, Circuit Judges.

Petitioner Felix de Jesus Ramos appeals the Board of Immigration Appeals'

denial of his Temporary Protected Status. We have jurisdiction under 8 U.S.C. §

1252(a)(2)(D) as a review of constitutional claims or questions of law in a final

order of removal, and DENY the petition.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Susan H. Black, Senior Circuit Judge for the U.S.
Court of Appeals for the Eleventh Circuit, sitting by designation.

Petitioner, Felix de Jesus Ramos, is a 37 year old citizen of El Salvador who entered the United States without being admitted or paroled on or about April 27, 1993, and has resided here since. In 2006, the Department of Homeland Security initiated removal proceedings against him under 8 U.S.C. § 1182(a)(6)(A)(i), as he had not been admitted or paroled.

During this time, Ramos was convicted of two misdemeanors in Nevada: petit larceny, NEV. REV. STAT. § 205.240, on September 16, 1997, and Driving Under the Influence, NEV. REV. STAT. § 484.379-1, on August 14, 2003. The petit larceny proceeding took place in Las Vegas Municipal Court, ended with a *nolo contendere* plea, and the conviction was ultimately vacated for unknown reasons.

After his removal proceedings began, Ramos applied for Temporary Protected Status relief. The Citizenship and Immigration Service denied relief on the basis that Ramos was ineligible under the statute, having been convicted of two misdemeanors. Both the Immigration Judge and the Board of Immigration Appeals affirmed.

Because this is a Temporary Protected Status application, Ramos bears the burden of proof with respect to proving his eligibility, disproving any allegations of ineligibility, and proving that he merits a favorable exercise of discretion. 8 U.S.C. § 1229a(c)(4)(A); 8 C.F.R. § 1240.8. Ramos argues that the vacatur of his

petit larceny conviction makes him eligible for TPS, but he makes no argument that this vacatur was substantive and not procedural, and states only that "the record is inconclusive as to why the case was vacated…." *See Murillo-Espinoza v. INS*, 261 F.3d 771, 774 (9th Cir. 2001) (only substantive vacaturs remove a conviction from consideration). Ramos fails to carry his burden.

Ramos's second major claim is that his convictions in Municipal Court were not "convictions" at all—at least not for immigration purposes. *See In Re Eslamizar*, 23 I. & N. Dec. 684, 687–88 (BIA 2004) (interpreting 8 U.S.C. § 1101(a)(48)(A) to require criminal conviction).

In determining whether a given proceeding has resulted in a criminal "conviction" for immigration purposes, the BIA has stated that the most important indicator is that the elements of the offense be proved beyond a reasonable doubt. *Id.* at 688 (citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000)). The BIA has also emphasized the importance of looking to the state's own classifications, both legislative and judicial. *Id.* at 687; *see also Matter of Cuellar-Gomez,* 25 I. & N. Dec. 850 (BIA 2012) (looking to same factors). More recently, the authority of the tribunal to adjudge guilt and to impose penalties has been found to be informative. *See Matter of Cuellar-Gomez*, 25 I. & N. Dec. 850, 853 (BIA 2012); *see also Matter of Rivera-Valencia*, 24 I. & N. Dec. 484, 487 (BIA 2008) (holding that a

3

military court martial resulted in a "conviction" in criminal proceeding because of the laws of jurisdiction and the authority of court).

Here, there is no indication that a standard of proof lower than "beyond a reasonable doubt" was accepted by the Municipal Court, and Ramos does not even argue as much. He pled *nolo contendere* to the petit larceny misdemeanor. Moreover, the Municipal Court "found [petitioner] guilty" and a "fine [was] imposed." It had the authority to adjudge guilt and to impose penalties. Finally, the petit larceny offense that the proceeding dealt with is classified by the state as a "crime," not "violation," "infraction," or anything else: it is listed in Title 15 of the state code, "Crimes and punishments." NEV. REV. STAT. § 205.240. All relevant factors identified by the BIA point to the conclusion that the petit larceny adjudication was a "conviction" in a "criminal proceeding." Ramos does not distinctly argue why the DUI conviction does not qualify as a conviction, and therefore fails to carry his burden with respect to this argument.

Ramos fails to carry his burden of proof.

PETITION DENIED.