**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 17 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HECTOR HUGO BRAVO-COCCO, AKA Hector Albertene, AKA Hector Bravo, AKA Hector H. Bravo, AKA Hector Hugo Bravo, AKA Hector Bravo Cocco, AKA Hector Hugo Bravo Cocco, AKA Hector Cocco, AKA Hector Hugo Cocco, AKA Hector Hugo Coco, AKA Hugo Sass, AKA Hugo L. Sass, AKA Flaco Three, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, United States Attorney General, <br><br> Respondent. | No. 14-72989 <br><br> Agency No. A200-080-750 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 9, 2018
Pasadena, California

Before: M. SMITH and FRIEDLAND, Circuit Judges, and RAKOFF,[**] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Jed S. Rakoff, Senior United States District Judge for the Southern District of New York, sitting by designation.

Hector Hugo Bravo-Cocco, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal. The BIA affirmed the Immigration Judge's ("IJ") order denying Bravo-Cocco's application for cancellation of removal under 8 U.S.C. § 1229b(b). We have jurisdiction under 8 U.S.C. § 1252. We review questions of law *de novo*. *See Corona-Mendez v. Holder*, 593 F.3d 1143, 1146 (9th Cir. 2010). We review administrative findings of fact for substantial evidence. *See Urzua Covarrubias v. Gonzales*, 487 F.3d 742, 747 (9th Cir. 2007). We **DENY** the petition.

To be eligible for cancellation of removal, an alien must prove, among other things, that he has been "a person of good moral character" during the ten years preceding his application for relief. 8 U.S.C. §§ 1229a(c)(4)(A)(i), 1229b(b)(1). The IJ denied Bravo-Cocco's application, finding that Bravo-Cocco could not be "regarded as a person of good moral character" because in the preceding ten years he had been "confine[d] to a penal institution for an aggregate period of 180 days or more." The BIA agreed.

1. The Government initially argues that we lack jurisdiction to consider Bravo-Cocco's challenges to the agency's decision because he failed to raise before the BIA the arguments he raises here. We disagree. We have "jurisdiction to review a final order of removal and the issues raised in a petition for review only if 'the alien has exhausted all administrative remedies available to the alien as of

2

right.'" *Figueroa v. Mukasey*, 543 F.3d 487, 492 (9th Cir. 2008) (quoting 8 U.S.C. § 1252(d)(1)). "[W]e do not employ the exhaustion doctrine in a formalistic manner, but rather inquire into whether the issue was before the BIA such that it had an opportunity to correct its error. The exhaustion doctrine requires that the petitioner 'put the BIA on notice' as to the specific issues . . . ." *Id.* (quoting *Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004)). Moreover, Bravo-Cocco was proceeding *pro se* below, and papers of aliens proceeding *pro se* before the BIA must be construed liberally. *See Agyeman v. INS*, 296 F.3d 871, 877-78 (9th Cir. 2002).

Under these generous standards, the BIA was on notice as to the specific issues Bravo-Cocco raises in this appeal. First, the BIA's decision actually addressed the allocation of the burden of proof, placing the burden on Bravo-Cocco. *See Rodriguez-Castellon v. Holder*, 733 F.3d 847, 852 (9th Cir. 2013) (explaining that this court "may review any issue addressed on the merits by the BIA"). Second, Bravo-Cocco argued before the BIA that the evidence did not support the IJ's conclusion about his criminal record, identifying specific convictions that were dismissed. This is a good example of "inartfully" drafted papers that do "not contain the exact legalese" but still identify the issue in lay terms. *Agyeman*, 296 F.3d at 877-78. Accordingly, we have jurisdiction to consider Bravo-Cocco's arguments on appeal.

2. On the merits, Bravo-Cocco argues that the BIA erred by relying on a conviction that was later dismissed under California Penal Code § 1203.4, pursuant to which a defendant is, "with certain enumerated exceptions, released 'from all penalties and disabilities' resulting from [a dismissed] conviction," *People v. Park*, 299 P.3d 1263, 1276 (Cal. 2013) (quoting Cal. Penal Code § 1203.4). We disagree. "[A]s a general rule, an expunged conviction qualifies as a conviction under the INA." *Ramirez-Castro v. INS*, 287 F.3d 1172, 1174 (9th Cir. 2002) (citing *Murillo-Espinoza v. INS*, 261 F.3d 771, 774 (9th Cir. 2001)); *see also Nunez-Reyes v. Holder*, 646 F.3d 684, 690 (9th Cir. 2011) (en banc) (holding that an expunged state conviction still qualifies as a "conviction" for federal immigration purposes). In particular, "a conviction expunged under [California Penal Code § 1203.4] remains a conviction for purposes of federal law." *Ramirez-Castro*, 287 F.3d at 1175.

Bravo-Cocco attempts to distinguish *Ramirez-Castro* on the ground that it involved an INA provision targeting a specific kind of criminal conduct that Congress had singled out for negative immigration consequences, whereas the INA provision at issue here, 8 U.S.C. § 1101(f)(7), "does not identify any particular forbidden conduct, but instead defers to state law on whether conduct is serious enough to justify immigration consequences." As the Government points out, however, § 1101(f)(7) is predicated on the time spent in custody as a result of

4

conviction, and this period of confinement does not change in response to expungement under § 1230.4. Moreover, both *Ramirez-Castro* and this petition concern whether the INA's statutory definition of "conviction" in 8 U.S.C. § 1101(a)(48)(A) includes convictions expunged under California Penal Code § 1203.4. *Ramirez-Castro* found that it does and therefore forecloses Bravo-Cocco's argument.

3. Bravo-Cocco also contends that the BIA erred in considering periods of pre-conviction detention in determining whether he was eligible for cancellation of removal. This argument, too, is foreclosed by binding circuit precedent – as Bravo-Cocco concedes. *See Arreguin-Moreno v. Mukasey*, 511 F.3d 1229, 1233 (9th Cir. 2008) ("[W]hen pre-trial detention is credited against the sentence imposed upon conviction, the period of pre-trial detention must be considered as confinement as a result of a conviction within the meaning of [8 U.S.C.] § 1101(f)(7).").

4. Finally, Bravo-Cocco argues that the BIA erred in placing the burden of proof on him to demonstrate that he had not been incarcerated for 180 days or more in the ten years preceding his application for cancellation of removal. We need not reach this issue in light of the foregoing determinations. Bravo-Cocco challenges the BIA's calculation of the number of days he spent incarcerated only on the grounds discussed above and substantial evidence supports the BIA's finding that Bravo-Cocco was incarcerated for more than 180 days – and that

would be true of the evidence regardless of who has the burden. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to reach non-dispositive issues).

**PETITION DENIED.**

6