# In the
# United States Court of Appeals
## for the Fifth Circuit

_____

m 01-60364

_____

RICARDO RENTERIA-GONZALEZ,

Petitioner,

VERSUS

IMMIGRATION AND NATURALIZATION SERVICE,

Respondent.

_____

Petition for Review of an Order of
the Board of Immigration Appeals

_____

February 27, 2003

ON PETITION FOR
<u>REHEARING EN BANC</u>

Opinion 310 F.3d 825
(5th Cir. Nov. 11, 2002)

Before SMITH and BENAVIDES, Circuit
Judges, and FITZWATER,[*] District Judge.

PER CURIAM:

_____

[*] District Judge of the Northern District of
Texas, sitting by designation.

Treating the petition for rehearing en banc as a petition for panel rehearing, the petition for panel rehearing is DENIED. No member of the panel nor judge in regular active service having requested that the court be polled on rehearing en banc (*see* FED. R. APP. P. 35 and 5TH CIR. R. 35), the petition for rehearing en banc is DENIED.

Judge Benavides specially concurs for the reasons set forth in his original special concurrence.

Part II.b.1.a of the panel opinion, 310 F.3d at 832-33, is hereby deleted, and the following is substituted:

a.

The district court probably lacked subject matter jurisdiction when it vacated the conviction. The magistrate judge's report does not address the statutory source of the court's jurisdiction to vacate. The court presumably relied on the general federal question statute, 28 U.S.C. § 1331, and fashioned the Order To Vacate under the All Writs Act, which allows the federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions," 28 U.S.C. § 1651.

The court apparently thought that the Order To Vacate was necessary to enforce its earlier JRAD.[5] This rationale could not supply a jurisdictional hook, however, because the INS sought to deport Renteria-Gonzalez on grounds other than those specified in the JRAD. Moreover, the All Writs Act does not confer an independent basis for subject matter jurisdiction. *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 172 (1977); *Newby v. Enron Corp.*, 302 F.3d 295, 300 (5th Cir. 2002), *petition for cert. filed*, 71 U.S.L.W. 3429 (Dec. 9, 2002) (No. 02-904).[6]

Even if it had jurisdiction, the district court lacked *equitable* authority to vacate the conviction. "[N]o adequate statutory or historical warrant" authorizes the federal courts to add new equitable remedies to the federal post-conviction remedial scheme. *United States v. Reyes*, 945 F.2d 862, 866 (5th Cir. 1991). This principle applies with special force to the immigration laws. When a court vacates an otherwise final and valid conviction on equitable grounds merely to avoid the immigration-law consequences of the conviction, it usurps Congress's plenary power to set the terms and conditions of American citizenship and the executive's discretion to administer the immigration laws. *Plyler v. Doe*, 457 U.S. 202, 225 (1992); *Reyes*, 945 F.2d at 866.

A purely equitable order to vacate a conviction also encroaches on the President's power and discretion to pardon. *Id.* "Absent a clearer statutory or historical basis, an article III court should not arrogate such power unto itself." *Id.* Although the court fashioned its Order To Vacate a "Writ for Relief from Judgment" under the All Writs Act, 28 U.S.C. § 1651, and *Reyes* involved a petition for a writ of *audita querela*, we have extended *Reyes* to a petition for relief from judgment under

---

[5] The Immigration Act of 1990 repealed the court's power to issue JRAD's for "convictions entered before, on, or after" its enactment date, November 29, 1990. Pub. L. No. 101-649, § 505(b), 104 Stat. 4978, 5050 (1990). The INS argues that this section rescinds all JRAD's. The text, however, extends only to "convictions," not to an actual JRAD entered before the enactment date. Although the Act repealed a court's power to enter a post-enactment JRAD for a pre-enactment conviction, *see, e.g., United States v. Bodre*, 948 F.2d 28 (1st Cir. 1991), pre-enactment JRAD's remain effective. Thus, the INS could not have deported Renteria-Gonzalez for the offenses specified in the JRAD even after enactment of the Act.

[6] The Second Circuit has held that under the Immigration Act of 1990, a district court does not retain jurisdiction to enforce a void JRAD. *United States v. Tablie*, 166 F.3d 505, 506-07 (2d Cir. 1999). *But see United States v. Yacoubian*, 24 F.3d 1, 5-6 (9th Cir. 1994) (holding that district court retained jurisdiction).

the All Writs Act.  *United States v. Banda*,
1 F.3d 354, 356 (5th Cir. 1993).

Notwithstanding these errors, however, the INS cannot collaterally attack the Order To Vacate, even for want of jurisdiction, because it did not directly appeal that order in 1992SSan appeal in which it likely would have been successful.[7]  We therefore must treat the Order To Vacate as proper in every respect, so we turn to INS's alternative argument, i.e., that a vacated federal conviction remains valid for purposes of the immigration laws.

---

[7] *See Chicot County Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 377 (1940) (holding that a "decree sustaining [subject matter] jurisdiction against attack, while open to direct review, is *res judicata* in a collateral action"); *Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 960 F.2d 1286, 1293 (5th Cir. 1992) ("If the parties against whom judgment was rendered did not appeal, the judgment becomes final and the court's subject matter jurisdiction is insulated from collateral attack.").