United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 12, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-60243
Summary Calendar

———————————————

MARVIN A. RODRIGUEZ; ANA MARIA RODRIGUEZ;
NANCY MARIA RODRIGUEZ; TANYA RODRIGUEZ,

Petitioners,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A73-678-480
BIA No. A78-597-862
BIA No. A78-597-863
BIA No. A78-597-864
--------------------

Before JOLLY, SMITH, and WIENER, CIRCUIT JUDGES.

PER CURIAM:[*]

Petitioners (collectively, "the Rodriguez family") are citizens of Guatemala who appeal the denial of Petitioner Marvin Rodriguez's application for asylum, on which the remaining petitioners applied as riders. See 8 U.S.C. § 1158. Marvin Rodriguez also appeals the denial of his application for

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

withholding of deportation and relief under the Convention Against Torture (CAT).  See 8 U.S.C. § 1158; 8 C.F.R. § 208.16(c).

We conduct a de novo review of the BIA's legal rulings but "will defer to the BIA's interpretation of immigration regulations if the interpretation is reasonable." Lopez-Gomez v. Ashcroft, 263 F.3d 442, 444 (5th Cir. 2001).  Factual findings are reviewed for substantial evidence.  See id.  The substantial-evidence standard requires only that the decision have some basis in fact in the record; it does not require that we agree with the decision. Renteria-Gonzalez v. INS, 322 F.3d 804, 816 (5th Cir. 2003).  Under the substantial evidence test, we may not reverse the BIA's factual determination unless the evidence compels it.  Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994).

The record supports the BIA's conclusion that Marvin Rodriguez's testimony is contradictory.  The Rodriguez family's assertion that Marvin Rodriguez was specifically targeted by guerrillas is contradicted by his own account of the bridge attack, in which he testified that the guerrillas had mistaken him for a member of the military.  In addition, the Rodriguez family has failed to provide any documentary evidence to support the claim of persecution.  In light of the vague and contradictory testimony given by Marvin Rodriguez, the BIA did not err in concluding that some form of documentary support was vital to the Rodriguez family's claims.  See In re Y-B, 21 I & N Dec. 1136, 1139 (1998).

Marvin Rodriguez also contends that he is entitled to relief under the CAT because deportation to Guatemala would almost certainly lead to his being tortured. The CAT requires an alien to show "'that it is more likely than not that he or she would be tortured if removed to the proposed country of removal. The testimony of the applicant, if credible, may be sufficient to sustain the burden of proof without corroboration.'" Efe v. Ashcroft, 293 F.3d 899, 907 (5th Cir. 2002) (citation omitted); 8 C.F.R. § 208.16(c)(2). In the absence of any corroborating evidence to support his claims, Marvin Rodriguez's inconsistent testimony cannot sustain his burden of proof. See Efe, 293 F.3d at 907. Accordingly, the BIA did not err in denying Marvin Rodriguez's CAT claim.

Petitioners Marvin and Ana Maria Rodriguez have not briefed the BIA's denial of their application for cancellation of removal. The issue is therefore waived on appeal. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

The Petitioners' petition for review is DENIED.