

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-16-2003

# Munroe v. Atty Gen USA

Precedential or Non-Precedential: Precedential

Docket No. 03-1471

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Munroe v. Atty Gen USA" (2003). *2003 Decisions*. Paper 11.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/11

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed December 16, 2003

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-1471

AUBREY MALCOLM MUNROE,

Appellant

v.

JOHN ASHCROFT, AS ATTORNEY GENERAL OF THE
UNITED STATES; JAMES ZIGLAR, AS COMMISSIONER
OF THE IMMIGRATION & NATURALIZATION SERVICE;
ANDREA J. QUARANTILLO, DISTRICT DIRECTOR OF THE
IMMIGRATION & NATURALIZATION SERVICE; LORELEI
VALVERDE, ACTING ASSISTANT DISTRICT DIRECTOR-
DETENTION AND REMOVAL

ON APPEAL FROM THE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

(Dist. Court No. 02-cv-02256)
District Court Judge: Hon. Mary A. McLaughlin

Argued: September 15, 2003

Before: ALITO, AMBRO and CHERTOFF, *Circuit Judges*

(Opinion Filed: December 16, 2003)

PETER E. TORRES (argued)
P.O. Box 1613
New York, N.Y. 10159-1613

*Counsel for Appellant*

PATRICK L. MEEHAN
LAURIE MAGID
VIRGINIA A. GIBSON
SUSAN R. BECKER (Argued)
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106

*Counsel for Appellees*

## OPINION OF THE COURT

ALITO, *Circuit Judge*:

This is an appeal from the District Court's order denying Aubrey Malcolm Munroe's petition for a writ of habeas corpus. Monroe's petition challenged a decision of the Board of Immigration Appeals that he is deportable as an aggravated felon due to his conviction in state court in New Jersey for a fraud offense. In order to qualify as an aggravated felony conviction, this offense had to involve a loss to a victim or victims that exceeded $10,000. Monroe argues that the New Jersey conviction does not qualify because the sentencing judge eventually reduced the amount of restitution that he was required to pay from $11,522 to $9,999. Because the critical fact for present purposes is the amount of loss, not the amount of restitution, we affirm.

## I.

Munroe, a citizen and native of Guyana, was admitted to the United States as a lawful permanent resident in 1980. In 1995, Munroe was charged in two indictments returned in the Superior Court, Hudson County, New Jersey. The first indictment (No. 1228-07-95) charged Munroe with one count of theft by deception, in violation of N.J.S.A. 2C: 20-4, and alleged that Munroe had unlawfully obtained $1,000 from the First Fidelity Bank in Union City, New Jersey, in August 1994, by depositing bad checks and then withdrawing $1,000 from his account. The second indictment (2227-12-95) charged Munroe with two additional counts of violating the same statute. One count

alleged that Munroe had unlawfully obtained $10,500 from the Bank of New York in Union City, and the other count alleged that Munroe had unlawfully obtained $1270 from that bank. In August 1999, Munroe pled guilty in the Superior Court, Hudson County, New Jersey, to two counts of violating N.J.S.A. 2C: 20-4. He was sentenced to two concurrent terms of five years' probation and was ordered to pay restitution in the amount of $1,022 on the first indictment and $10,500 on the second.

Following this conviction, the Immigration and Naturalization Service issued a Notice to Appear in Removal Proceedings, charging that Munroe was subject to removal on the ground that he had been convicted of two crimes that involved moral turpitude and that did not arise from a single scheme of misconduct. The Notice was later amended to include the charge that Munroe was removable as an aggravated felon pursuant to 8 U.S.C. § 1101(a)(2)(A)(iii), based on his conviction for a crime involving fraud or deceit in which the loss to the victim exceeded $10,000. See 8 U.S.C. § 1101(a)(43)(M)(i).

An Immigration Judge ordered Munroe removed to Guyana, holding that he had been convicted of two crimes of moral turpitude and that the conviction under the Bank of New York indictment met the statutory definition of an aggravated felony. The BIA affirmed.

In the meantime, Munroe and the Hudson County Prosecutor's Office jointly moved the Superior Court to reduce the total amount of restitution required to $9,999, and this motion was granted. It is apparent from the motion and is not disputed here that the motion was not based on a redetermination of the amount of loss caused by the crimes but was intended to alter the effect of the conviction for immigration purposes.

Munroe moved for reconsideration by the BIA, but the Board refused. The Board stated that Munroe had pled guilty to a fraud offense involving a loss of more than $10,000 and that it was therefore "irrelevant that [Munroe's] ordered restitution was later reduced." Munroe then filed a petition for a writ of habeas corpus, but the District Court agreed with the Board's reasoning, and this appeal followed.

## II.

Under 8 U.S.C. § 1227(a)(2)(A)(iii), "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." The term "aggravated felony" is now defined by statute to include "an offense that . . . involves fraud or deceit in which the loss to the victim or victims exceeds $10,000." 8 U.S.C. § 1101(a)(43)(M)(i). There is no dispute in the present case that Munroe's conviction under the Bank of New York indictment for fraud by deception was for an offense involving "fraud or deceit," and therefore that conviction qualifies as an aggravated felony conviction if the amount of "loss to the victim" exceeded $10,000.

We agree with the BIA and the District Court that the amount of loss involved in that conviction was greater than $10,000. The indictment alleged that the loss exceeded this amount, and Munroe does not claim that, when he pled guilty, he admitted to only a lesser loss. Nor is there any suggestion that the Superior Court ever found that the amount of the loss was less than $10,000. As noted, the Superior Court initially required Munroe to pay more than $10,000 in restitution, and it is abundantly clear that the Court later reduced the restitution to $9,999 for the purpose of altering the consequences of the conviction for immigration law purposes, not because of a recalculation of the amount of the loss. Accordingly, the reduction in the amount of restitution was, as the BIA held, "irrelevant" for present purposes.

The amount of restitution ordered as a result of a conviction may be helpful to a court's inquiry into the amount of loss to the victim if the plea agreement or the indictment is unclear as to the loss suffered. But when the amount of restitution ordered is not based on a finding as to the amount of the loss but is instead intended solely to affect the defendant's immigration status, the amount of restitution is not controlling.

Munroe argues that, in determining the amount of the loss involved in his state-court conviction, we are bound by the terms of the state-court judgment and that the reduction in the amount of restitution changed the terms of

that judgment. What we have said already, however, is sufficient to dispose of this argument. Even assuming for the sake of argument that an Immigration Judge or the BIA is bound by the terms of a state- court judgment that has been altered for the sole purpose of alleviating the immigration law consequences of the conviction, that rule would not help Munroe. Here, as noted, the amendment of the judgment simply changed the amount of restitution; it did not involve a state-court finding as to the amount of loss.

Moreover, although we need not reach the question, we note that there is authority for the proposition that "[w]hen a court vacates an otherwise final and valid conviction on equitable grounds merely to avoid the immigration-law consequences of the conviction, it usurps Congress's plenary power to set the terms and conditions of American citizenship and the executive's discretion to administer the immigration laws." *Renteria-Gonzalez v. INS*, 322 F.3d 804, 812 (5th Cir. 2003) (citation omitted).

## III.

For the reasons set out above, the District Court's denial of Munroe's petition for writ of habeas corpus relief is affirmed.

A True Copy:
    Teste:

*Clerk of the United States Court of Appeals*
*for the Third Circuit*