United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60351
Summary Calendar

_____

AHMED HAJI IBRAHIM,

Petitioner,

versus

JOHN ASHCROFT, U. S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 588 557
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Ahmed Haji Ibrahim, a native of Somalia and a member of that
nation's minority Benadiri clan, petitions for review of the
order of the Board of Immigration Appeals ("BIA") dismissing his
appeal of the immigration judge's ("IJ") decision to deny his
application for asylum, withholding of removal, and relief under
the Convention Against Torture ("CAT").

On a petition for review of a BIA decision, this court
reviews factual findings for substantial evidence and questions

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

of law de novo. Lopez-Gomez v. Ashcroft, 263 F.3d 442, 444 (5th Cir. 2001). "The substantial evidence standard requires only that the BIA's decision be supported by record evidence and be substantially reasonable." Omagah v. Ashcroft, 288 F.3d 254, 258 (5th Cir. 2002). This court generally reviews only the BIA's decision, not that of the IJ, except to the extent that the IJ's decision influences or affects the BIA. Id.; Renteria-Gonzalez v. INS, 322 F.3d 804, 816 (5th Cir. 2002).

Ibrahim asserted in his application and in hearing testimony that, at the age of 13, he fled Somalia for Kenya during the 1991 civil war, after rebels from the Hawiye clan murdered most of his family and his uncle's family. Ibrahim maintained that, in Kenya, his father's best friend, who had also lost his family in the civil war, took care of him in Kenya from 1991 to 2000, when Ibrahim entered the United States. The BIA affirmed the denial of Ibrahim's asylum application, concluding that he did "not merit a favorable exercise of discretion for a grant of asylum" because of his "unforced, unexplained departure from Kenya," where he had lived "free from harm for almost 9 years." Given the circumstances of the case, Ibrahim has failed to demonstrate that the BIA's decision was not supported by substantial evidence or that the BIA abused its discretion in denying the application for asylum. See 8 U.S.C. § 1158(b)(1); INS v. Cardoza-Fonseca, 480 U.S. 421, 427 (1987). Ibrahim has cited no regulatory or decisional authority that prohibited the BIA from considering

Ibrahim's having lived safely in a third country for almost a decade as a discretionary basis upon which to deny an application for asylum.

The BIA also did not err in concluding that Ibrahim had not established a "clear probability of persecution" sufficient to warrant withholding of removal. See Girma v. INS, 283 F.3d 664, 667 (5th Cir. 2002) (quoting INS v. Stevic, 467 U.S. 407, 413 (1984)). The BIA concluded that Ibrahim had not satisfied his burden of proof because he had failed to corroborate his identity with documentary proof of any kind and had failed to explain this shortcoming satisfactorily. Although an applicant's testimony, if credible, may be sufficient to sustain his burden of proof without corroboration, see 8 C.F.R. § 208.16(b), this court gives great deference to the IJ's and BIA's determinations of an alien's credibility. See Efe v. Ashcroft, 293 F.3d 899, 906 (5th Cir. 2002). The BIA's finding regarding credibility was based on a "reasonable interpretation of the record and therefore supported by substantial evidence." Chun v. INS, 40 F.3d 76, 79 (5th Cir. 1994). For the same reasons, Ibrahim has not demonstrated that he was entitled to relief under the CAT, as he failed to establish that he would be in danger of being subjected to torture upon a return to Somalia. See Efe, 293 F.3d at 907.

The petition for review is DENIED.