United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 23, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-20406
Summary Calendar

DALE A BROWN

                Plaintiff - Appellant

AUGUSTINE A VERRENGIA; JAMES A VERLANDER;
VINCENT MALECHE; DAVID PROCTOR; LEONARD NEAL
JACKSON; R SCOTT SATTERWHITE; ANTHONY P HODGSON;
KENNETH SMITH; DANIEL H STINGER

                Appellants

        v.

UNITED STATES OF AMERICA

                Defendant - Appellee

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CV-3279
--------------------

Before KING, Chief Judge, JOLLY and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     The appellants appeal from the district court's dismissal of

their "Petition for Review," purportedly filed under the All

Writs Act, 28 U.S.C. § 1651, for lack of subject-matter

jurisdiction.  Citing "fraud on the court," they sought to

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

challenge criminal and civil judgments entered against them in the 1990s.

The appellants now argue that their case was improperly assigned to United States District Judge Lee Rosenthal. They emphasize that they had "addressed" their petition to either District Judge Kenneth Hoyt or to Chief Judge Norman Black, but they do not suggest that the random assignment to Judge Rosenthal was violative of the district court's "General Order No. 75-2." "The business of a court having more than one judge shall be divided among the judges as provided by the rules and orders of the court." 28 U.S.C. § 137. Inherent in this statutory directive is the notion that a party may not have his case heard by a judge of his choosing. See, e.g., McCuin v. Texas Power & Light Co., 714 F.2d 1255, 1262 (5th Cir. 1983).

The appellants had the burden of proving that federal subject-matter jurisdiction existed. Peoples Nat'l Bank v. Office of the Comptroller of the Currency of U.S., 362 F.3d 333, 336 (5th Cir. 2004). The All Writs Act did not confer subject-matter jurisdiction upon the appellants' Petition for Review, because that Act does not create an independent basis of jurisdiction. See Renteria-Gonzalez v. INS, 322 F.3d 804, 811 (5th Cir. 2004). The appellants' action was in the nature of an independent action to set aside a judgment for "fraud on the court." See FED. R. CIV. P. 60(b) (third sentence); Fierro v. Johnson, 197 F.3d 147, 152 (5th Cir. 1999). To establish fraud

on the court, the petitioners were required to show an "unconscionable scheme or plan which is designed to improperly influence the court in its discretion." Fierro, 197 F.3d at 154. Generally, "only the most egregious conduct, such as the bribery of a judge, or the fabrication of evidence by a party in which an attorney is implicated," will satisfy this standard. Id.

The appellants have argued that "new evidence," in the form of deposition testimony, proves that in the early 1990s they were entrapped and falsely incriminated by the FBI agent in charge of a sting operation targeting them. Although the deposition testimony may support a finding of improper investigatory conduct on the part of that agent, see Brown v. Nationsbank Corp., 188 F.3d 579, 583-85, 592 (5th Cir. 1999), the "new evidence" does not reflect the "most egregious conduct" required to establish "fraud on the court," and it does not, contrary to the appellants' contentions, show that Assistant United States Attorneys were complicit in the alleged efforts to prosecute them falsely.

In light of the foregoing, the district court did not err in concluding that subject-matter jurisdiction was lacking. Accordingly, we AFFIRM the judgment of the district court.