United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 2, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-60052
Summary Calendar
_____

ELIZABETH BERTHA MUTAGWANYA,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A75 885 504
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:*

Elizabeth Bertha Mutagwanya has filed a petition for review
of the Board of Immigration Appeals' decision (BIA) denying her
the withholding of removal, relief under the Convention Against
Torture (CAT), and voluntary departure.  This court lacks
jurisdiction to review Mutagwanya's claim that the BIA erred in
denying her request for voluntary departure.  See 8 U.S.C.
§ 1252(a)(2)(B); Eyoum v. INS, 125 F.3d 889, 891 (5th Cir. 1997).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Mutagwanya argues that the immigration judge (IJ) and the BIA (which upheld the IJ determination) erred by failing to make a finding regarding her credibility.  She also argues that they erred in rejecting her claims based on her failure to provide corroborating evidence.

The court conducts a de novo review of the BIA's legal rulings but "will defer to the BIA's interpretation of immigration regulations if the interpretation is reasonable." Lopez-Gomez v. Ashcroft, 263 F.3d 442, 444 (5th Cir. 2001).  Fact findings are reviewed for substantial evidence.  See id.  The "substantial evidence" standard requires only that the decision have some basis in fact in the record.  Renteria-Gonzalez v. INS, 322 F.3d 804, 816 (5th Cir. 2002).  It does not require this court to agree with the decision.  Id.

The IJ determined that absent corroborating evidence, he did not find Mutagwanya's testimony sufficient to warrant relief. Section 208.13(a) "plainly indicates that if the trier of fact either does not believe the applicant or does not know what to believe, the applicant's failure to corroborate his testimony can be fatal to his [] application."  Sidhu v. INS, 220 F.3d 1085, 1090 (9th Cir. 2000)(cited with approval in Beganovic v. Ashcroft, 03-60185, 2004 WL 1759252 at *5 (5th Cir. Aug. 5, 2004)(unpublished)).  When it is reasonable to expect that such evidence exists, an applicant should provide corroborating evidence relevant to the specifics of his allegations, or he

should provide an explanation of why he did not provide such evidence. Matter of S-M-J, 21 I. & N. Dec. 722, 725-26 (BIA 1997); see also In re Y-B, 21 I. & N. Dec. 1136, 1139 (BIA 1998)(noting that the weaker the alien's testimony the greater the need for corroborating evidence). However, even assuming that the IJ erred in rejecting Mutagwanya's claim based on insufficient corroboration, substantial evidence supports the IJ's determination that Mutagwanya failed to show a clear probability of persecution upon her return to Uganda. See Girma v. INS, 283 F.3d 664, 666-67 (5th Cir. 2002); Renteria-Gonzalez, 322 F.3d at 816..

Mutagwanya also argues that she should have been granted relief under the CAT because she testified to "past torture" and because arbitrary arrests still occur in Uganda. The standard for granting relief under the CAT requires an alien to show "'that it is more likely than not that he or she would be tortured if removed to the proposed country of removal. The testimony of the applicant, if credible, may be sufficient to sustain the burden of proof without corroboration.'" Efe v. Ashcroft, 293 F.3d 899, 907 (5th Cir. 2002)(quoting 8 C.F.R. § 208.16(c)(2)). Torture is "an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishments that do not amount to torture." 8 C.F.R. § 208.18(a)(2). Substantial evidence supports the IJ's determination that the incidents related by

Mutagwanya did not warrant relief under the CAT.  See id.;
Renteria-Gonzalez, 322 F.3d at 816.

PETITION DENIED.