**Maria Blanca RAMOS, Petitioner,**

v.

**Alberto GONZALES, Attorney General, Respondent.**

No. 03–72105.

BIA No. A73–867–659.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 16, 2005.

Decided Oct. 18, 2005.

James R. Patterson, Attorney At Law, San Diego, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., John C. Cunningham, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before SILVERMAN and CALLAHAN, Circuit Judges, and DUFFY,* District Judge.

### MEMORANDUM **

Maria Blanca Ramos ("Petitioner"), a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals ("BIA"), which affirmed without opinion an Immigration Judge's ("IJ's") decision finding her inadmissible for alien smuggling. Because the BIA summarily affirmed the IJ without opinion, we review the underlying decision of the IJ, *see Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003), which must be affirmed if supported by substantial evidence, *see Nakamoto v. Ashcroft,*

363 F.3d 874, 882 (9th Cir.2004). We deny the petition for review.

On August 14, 1998, Petitioner, an alien paroled in this country, gave a sworn, videotaped statement to an Immigration Inspector, in which she admitted that she willfully and knowingly attempted to assist the illegal entry of an alien (Luz Maribel Sanchez–Muniz ("Sanchez")) into the United States. Based on these admissions, the Immigration and Naturalization Service ("INS") served Petitioner with a Notice to Appear, alleging that she was inadmissible for knowingly aiding, encouraging, assisting, or inducing Sanchez to attempt to enter the United States unlawfully, in violation of 8 U.S.C. § 1182(a)(6)(E)(i).

Before the IJ, Petitioner denied these allegations and argued that her admissions were involuntary and should therefore be stricken. Petitioner also contended that since she had no opportunity to cross-examine Sanchez (who had been promptly returned to Mexico), Sanchez's statements should be stricken as well. The IJ denied these requests and, on May 25, 1999, found Petitioner removable for alien smuggling and denied her request for cancellation relief.

Petitioner timely filed an appeal with the BIA, which summarily affirmed the IJ's decision. This petition followed. Petitioner contends that the IJ violated her due process rights by: (1) refusing to strike her admissions which she claims were involuntarily made; (2) considering Sanchez's statements without allowing Petitioner an opportunity to cross-examine Sanchez; and (3) failing to enforce a subpoena issued to Petitioner's sister who purportedly would have favorably testified on Petitioner's behalf.

---

* The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

■ Regarding Petitioner's first claim, it is well settled that "[d]eportation proceedings must conform to traditional standards of fairness encompassed in due process; and accordingly, statements made by an alien used to support deportation must be voluntarily made." *Cuevas–Ortega v. INS*, 588 F.2d 1274, 1277 (9th Cir.1979) (citing *Choy v. Barber*, 279 F.2d 642, 646 (9th Cir.1960)). The Government argues that since Petitioner had not "entered" the United States, she was entitled to lesser due process protections than one subject to deportation proceedings. *See Wong v. United States*, 373 F.3d 952, 971 n. 24 (9th Cir.2004). Even if Petitioner was entitled to the heightened protections of deportation proceedings, however, the record would compel the same result. It is therefore not necessary for us to address the procedural protections to which Petitioner was entitled.[1]

While the precise standard for voluntariness in the immigration setting is not well-defined, it is clear that "the bare assertion that a statement is involuntary is insufficient." *Cuevas–Ortega*, 588 F.2d at 1278. Thus, we will not find that a statement was involuntary "where there is nothing in the record indicating that [an] alien's statement was induced by coercion, duress, or improper action on the part of the immigration officer." *Id.*

A review of the record does not compel a result different from that reached by the IJ. While Petitioner gave her statement seventeen hours after arriving at the border, she offered no evidence that she was deprived of food or sleep in order to undermine her free will. Although the Immigration Inspector admitted he raised his

voice to Petitioner (in response to her doing the same), he denied ever threatening her or her family with jail or other reprisals. Based on his review of Petitioner's statement and his observation of her throughout her immigration proceedings, the IJ found that Petitioner's statement was voluntary and was not produced out of coercion or fear of the Immigration Inspector. Accordingly, there was substantial evidence to support the IJ's finding.

■ Petitioner also argues that the IJ should not have considered the out-of-court statements of Sanchez. Importantly, "a deportation hearing is an administrative hearing not bound by strict rules of evidence." *Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir.1995). Hearsay may be admitted if the evidence is probative and its admission is fundamentally fair. *See, e.g., Tejeda–Mata v. INS*, 626 F.2d 721, 724 (9th Cir.1980). Accordingly, courts have allowed Immigration Inspectors to testify about statements made by undocumented aliens, even when those aliens were not present in court. *See, e.g., Renteria–Gonzalez v. INS*, 322 F.3d 804, 817 (5th Cir. 2003) (noting that "[e]ven if one supposes that [the inspector] was lying about the aliens' statements … [the petitioner] had the opportunity to cross-examine [the inspector] about the statements").

While Sanchez was not present in court, the Immigration Inspector to whom she gave her statement was present and cross-examined by Petitioner. The transcript of Sanchez's videotaped statement also was included in the record. Petitioner therefore had an opportunity to challenge the Immigration Inspector's version of what

---

1. Prior to the enactment of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), an alien who had not effected an entry into the United States was subject to exclusion proceedings, while an alien who effected an entry into the United States, whether lawfully or not, was subject to deportation proceedings. IIRIRA ended the traditional distinction between exclusion and deportation hearings by replacing them with removal hearings.

Sanchez said. Moreover, the IJ primarily based his removability finding on Petitioner's admissions rather than on Sanchez's statement. Taking these facts into account, the consideration of Sanchez's statement did not deprive Petitioner of a fair hearing.

Lastly, Petitioner contends that the IJ should have compelled her sister to appear pursuant to an earlier issued subpoena. The IJ had the sister's statement before him and apparently chose not to compel her appearance. While aliens do not have a Sixth Amendment compulsory process right in removal hearings, *see Martin–Mendoza v. INS,* 499 F.2d 918, 921 (9th Cir.1974), those subject to deportation do have a Fifth Amendment due process right to fundamentally fair proceedings, *see Azanor v. Ashcroft,* 364 F.3d 1013, 1023 (9th Cir.2004). To prevail on such a due process claim, Petitioner must show both error *and* prejudice—*i.e.,* that the alleged deprivation could "potentially ... affect the outcome of the proceedings." *Campos–Sanchez v. INS,* 164 F.3d 448, 450 (9th Cir.1999) (internal quotation omitted); *see also Jacinto v. INS,* 208 F.3d 725, 728 (9th Cir.2000) ("Prejudice occurs when the rights of an alien have been transgressed in such a way as is likely to impact the results of the proceedings.").

Such a showing was not made. As noted *supra,* the IJ's findings were largely based on Petitioner's admissions, which the IJ found to be "consistent" with Sanchez's statements. For the foregoing reasons, the petition is denied.

PETITION DENIED.