United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 5, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

**No. 05-60267
Summary Calendar**

**IGNACIA DE JESUS SALAZAR,**

**Petitioner,**

**versus**

**ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,**

**Respondent.**

**Petition for Review of an Order of the
Board of Immigration Appeals
(A76 800 834)**

Before BARKSDALE, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Ignacia de Jesus Salazar, a Mexican citizen and lawful
permanent resident of the United States since 2001, was charged
under Immigration and Nationality Act (INA) § 237(a)(1)(E)(i), 8
U.S.C. 1227(a)(1)(E)(i) (2000), as being removable from the United
States for knowingly encouraging, inducing, assisting, abetting, or
aiding an alien to enter the United States illegally.  The
Immigration Judge (IJ) ordered Salazar removed from the United

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States, and the Board of Immigration Appeals (BIA) affirmed without opinion. Salazar seeks review of the removal order.

On 12 July 2003, Salazar's vehicle, with her driving, was stopped at a Border Patrol checkpoint; the vehicle contained two other individuals, a woman and child, who presented false documents and were determined to be Mexican citizens illegally smuggled into the United States. Salazar falsely told Border Patrol Agents that the child was her grandson. Instead, the child was not related to her but was the smuggled woman's child; Salazar knew both aliens were in the United States illegally; Salazar was driving the mother and child to the woman's husband and the child's father in Colorado; and Salazar was to receive $3000 for doing so.

Arresting Agent Justice completed a Form G-166 report, characterizing this as an alien-smuggling incident. Agent Edberg completed a Form I-213 Record of Deportable Alien. This report outlined Salazar's conduct and recommended removal. The Agents testified at Salazar's hearing in support of removal and elaborated on the information provided in Forms G-166 and I-213.

Agent Edberg testified that Salazar was charged and convicted under 8 U.S.C. § 1001 for making false statements (that the child was her grandson) to a federal officer. The Department of Homeland Security (DHS) offered the IJ a facsimile copy of this criminal conviction; the IJ refused the facsimile copy and continued the hearing, informing DHS that it needed to provide a certified copy. At the later hearing on 15 December 2003, after DHS explained it

2

could not locate a certified copy of Salazar's conviction, the IJ proceeded but said he would not consider this conviction in making his decision.

At the 15 December hearing, the IJ found Salazar subject to removal based on her conduct of smuggling two aliens on 12 July 2003. Salazar appealed this decision to the BIA, which affirmed without opinion.

Salazar raises two issues: (1) whether substantial evidence supports her removal under INA § 237(a)(1)(E)(i); and (2) whether the IJ violated Salazar's Fifth Amendment due process rights.

We normally review only the BIA's decision, not that of the IJ. *Renteria-Gonzalez v. INS*, 322 F.3d 804, 816 (5th Cir. 2002). Where the BIA summarily affirms the IJ, however, we review the IJ's decision. *Moin v. Ashcroft*, 335 F.3d 415, 418 (5th Cir. 2003). We deny a petition for review "if there is no error of law and if reasonable, substantial, and probative evidence on the record, considered as a whole, supports the decision's factual findings". *Id*. Salazar faces a difficult challenge, because "[t]his court will not reverse a BIA decision unless the petitioner provides evidence 'so compelling that no reasonable fact-finder could conclude against it'". *Id.* (quoting *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996)). Further, the IJ's witness credibility determinations are accorded "great deference". *Efe v. Ashcroft*, 293 F.3d 899, 905 (5th Cir. 2002) ("The factfinder has

3

the duty to judge the credibility of the witnesses and to make findings accordingly.").

First, Salazar challenges the evidence used by the IJ to support his decision that Salazar was removable. Salazar asserts that inaccuracies in her Form I-213 constitute a violation of the DHS' own regulations to her detriment. According to Salazar, these inaccuracies make it unclear who arrested and interviewed her on 12 July 2003, and therefore this information should not be used in support of removal.

At Salazar's removal hearing, where Agents Justice and Edberg testified and were subject to cross-examination, Salazar received an opportunity to challenge their testimony and the forms they created under "[n]ormal circumstances". The Agents explained how small inaccuracies may result because the forms are filled out from templates.

Substantial evidence supported the IJ's decision; both Agents Justice and Edberg testified to Salazar's conduct on 12 July 2003 and the information contained in forms they created, and the IJ concluded that "the credible testimony presented by the agents here, as well as the reports created at the [time] of the incident ... are sufficient to establish by clear and convincing evidence that [Salazar] was knowingly assisting two illegal aliens to enter or to try to enter the United States in violation of law". Salazar does not overcome this finding, *see* *Moin*, 335 F.3d at 418,

including the conclusion that the Agents provided credible testimony. *See* **Efe**, 293 F.3d at 905.

Next, Salazar maintains that the IJ violated her Fifth Amendment due process rights. "Due process challenges to deportation proceedings require an initial showing of substantial prejudice." **Anwar v. INS**, 116 F.3d 140, 144 (5th Cir. 1997).

Salazar appears to challenge the IJ's decision to admit the Form I-213 because it prejudiced her. Salazar fails to show *how* the admission of this form prejudiced her; absent such a showing, this claim fails. **Id.**; *see also* **Renteria-Gonzalez**, 322 F.3d at 817 n.16 ("observ[ing] that [Form I-213] come[s] within the public records exception to the hearsay rule", and also that "the hearsay rules [do not] apply to deportation proceedings in the first place").

Salazar then challenges the IJ's use of a facsimile copy of her conviction for making false statements under 8 U.S.C. § 1001. She contends that this prejudiced her, because the IJ cannot disregard it after seeing a facsimile copy of the document. The IJ stated he was not using this document in making his decision, twice stating "I'm not going to consider the judgment". After announcing his decision, the IJ again stated that this conviction was "not ... considered in entering the decision by this Court".

Without this judgment, the IJ had sufficient evidence of Salazar's unlawful conduct through the testimony and documents from the Agents. Further, a conviction of alien smuggling, and

5

certainly a false-statement conviction, is *not* necessary for removal; "the INA requires only a *showing* of, not a *conviction* of ... alien smuggling activities". **Id.** at 817 n.15 (citing 8 U.S.C. § 1227(a)(1)(E)(i)); *see* **id.** at 810 n.4 (stating that "Section 1227(a)(1)(E)(i) ... does not requires [sic] a criminal conviction before an alien may be deported for alien smuggling"). Salazar has not shown substantial prejudice leading to the IJ's decision, so she fails to assert a due process violation.

                                                                    ***DENIED***