United States Court of Appeals
Fifth Circuit

**F I L E D**

May 10, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 05-60621
Summary Calendar

**BENJI MACAULAY,**

Petitioner,

versus

**ALBERTO R. GONZALEZ, U.S. ATTORNEY GENERAL,**

Respondent.

**Petition for Review of an Order of the
Board of Immigration Appeals
(A77 494 645)**

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Benji Macaulay petitions for review of the Board of Immigration Appeals' (BIA) denial of a motion to reconsider its affirmance of the Immigration Judge's (IJ) order that he be removed to Nigeria. Macaulay challenges whether, under INA § 241(b)(2)(E), 8 U.S.C. § 1231(b)(2)(E), the IJ could designate Nigeria as his country of removal, when his citizenship and nationality status are not properly documented.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Macaulay has no passport, birth certificate, or other documents to verify his citizenship. He claims to have been born in the United States, but his first known residence was in England, where he was adopted by a Nigerian couple. He later became a ward of the English foster-care system until, as a teenager, he ran away to Paris, France. He spent several years in western Europe, during which time he claimed Nigerian citizenship to obtain cash benefits granted by the German government to Nigerian asylum-seekers.

Macaulay entered the United States around 1990 (apparently using a false passport) and committed credit-card fraud and other identity-theft crimes. Following his incarceration for these crimes, the former Immigration and Nationalization Service (INS) began proceedings to remove him from the United States. (Macaulay has used nearly two dozen aliases and has claimed various birth dates, places of birth, social security numbers, and drivers license numbers.)

The IJ ordered him removed to Nigeria. Nigeria was deemed Macaulay's proper place of removal under 8 U.S.C. § 1231(b)(2). The BIA affirmed Macaulay's removal to Nigeria, stating: Macaulay did *not* contest either the IJ's finding that he was *not* a United States citizen or that he was removable as charged; he did *not* designate a country of removal; he did *not* provide information regarding his birth, citizenship, or from where he entered the United States; and the record included three exhibits indicating Macaulay was born in Nigeria. Under 8 U.S.C. § 1231(b)(2)(E)(i)-

2

(vi), which includes an alien's country of birth or prior residence, Macaulay could be removed to Nigeria without advance consent of the Nigerian government. *Jama v. Immigration & Customs Enforcement*, 543 U.S. 335, 125 S. Ct. 694, 701 (2005) (holding advance consent is required only for § 1231(b)(2)(E)(vii)). The BIA denied Macaulay's motion to reconsider, finding no errors of fact or law warranting reconsideration.

The denial of the motion to reconsider is reviewed for abuse of discretion. *Zhao v. Gonzales*, 404 F.3d 295, 301 (5th Cir. 2005). "It is our duty to allow [a] decision to be made by the Attorney General's delegate ... so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach." *Osuchukwu v. INS*, 744 F.2d 1136, 1142 (5th Cir. 1984). We review the BIA's decision, not the IJ's. *Renteria-Gonzalez v. INS*, 322 F.3d 804, 816 (5th Cir. 2002); *see Moin v. Ashcroft*, 335 F.3d 415, 418 (5th Cir. 2003) ("This Court will not reverse a BIA decision unless the petitioner provides evidence so compelling that no reasonable fact-finder could conclude against it.") (internal citation and quotation marks omitted).

The BIA did not abuse its discretion in denying the motion. Macaulay was estopped from claiming United States citizenship based on his prior federal conviction for a false claim to United States

3

citizenship.  *See* **Howard v. INS**, 930 F.2d 432, 436 (5th Cir. 1991) ("[B]ecause [petitioner's] convictions established his status as an alien and because he has not offered any proof that his status has changed since [his conviction date], we hold that the issue of his alienage is collaterally estopped in his deportation proceedings".).  He has been untruthful in his reports to authorities, and the only country with which he has consistently identified is Nigeria.  Macaulay did not provide a country of removal, but this does not mean that he is not removable; the IJ was forced to select a country for him.  Because of the evidence connecting Macaulay to Nigeria, and his failure in his motion to reconsider to present any errors of fact or law, the BIA did not abuse its discretion in denying his motion.  *Osuchukwu*, 744 F.2d at 1142.

                                                        *DENIED*

4