United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 26, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 04-61100

_____

SERGIO BANDA-ORTIZ,

　　　　　　　　　Petitioner,

versus

ALBERTO R GONZALES, U S ATTORNEY GENERAL,

　　　　　　　　　Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

ON PETITION FOR REHEARING EN BANC

(Opinion May 28, 2006, 5th Cir., *Banda-Ortiz v. Gonzales*, 445 F.3d 387)

Before JOLLY, SMITH, and GARZA, Circuit Judges.

PER CURIAM:

　　　Treating the Petition for Rehearing En Banc as a Petition for Panel Rehearing, the Petition for Panel Rehearing is DENIED. The court having been polled at the request of one of the members of the court and a majority of the judges who are in regular active service and not disqualified not having voted in favor (FED. R. APP. P. and 5TH CIR. R. 35), the Petition for Rehearing En Banc is DENIED.

JERRY E. SMITH, Circuit Judge, with whom JONES, Chief Judge, and BENAVIDES, STEWART, and DENNIS, Circuit judges, join, dissenting:

I respectfully dissent from the refusal to rehear this case en banc. I will not reargue the merits. The parties' positions are thoroughly set forth in the panel majority and dissenting opinions. Irrespective of the individual judges' views on the merits, the court should be willing to review this important issue before creating a circuit split.

This court has one of the largest immigration dockets of any circuit. The question raised here—whether a timely filed motion to reopen tolls an alien's voluntary departure period—affects a large number of aliens in this circuit and elsewhere. After losing in his proceedings before the Board of Immigration Appeals, Mr. Banda-Ortiz proceeded *pro se* in this court by filing a petition for review, stating in his brief that he lacked the funds to attend oral argument; because, in any event, this court rarely if ever grants argument to *pro se* litigants, the case was submitted on the briefs alone. After the matter was decided in the government's favor, the Jones Day law firm has ably represented Mr. Banda-Ortiz as *pro bono* counsel in filing a petition for rehearing en banc.

There are two credible sides to the question. The panel was split, and at the time when the majority and dissenting opinions were filed, the only circuits to have considered the issue had ruled for the alien. While this case was pending on petition for rehearing en banc, yet another circuit joined that list. *See Ugokwe v. United States Attorney Gen.*, No. 05-15237, 2006 U.S. App. LEXIS 16197 (11th Cir. June 28, 2006).

It would be more prudent for this court, in light of the foregoing, to be willing to rehear this case en banc. We have emphasized the importance of "uniformity of federal law and consistency in enforcement of the immigration laws." *Renteria-Gonzales v. INS*, 322 F.3d 804, 814 (5th Cir. 2002).

There certainly may be times when we are justified in creating a circuit split, but this issue is important enough that the entire court should be willing to review it, with both sides now represented by counsel, to make sure the position taken by the panel majority is correct.

Because of the court's decision to reject en banc rehearing, I respectfully dissent.