United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 6, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-60441
Summary Calendar

_____

BROWN EKELEDO OKORONKWO,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A27 172 234
--------------------

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

The prior opinion of this Court is withdrawn and the
following is substituted.

Brown Ekeledo Okoronkwo, a native and citizen of Nigeria,
petitions for review of an order of the Board of Immigration
Appeals (BIA) denying his motion for reconsideration.

First, Okoronkwo argues that the BIA incorrectly determined
that his state conviction for aggravated assault, which had been
vacated, was still valid for immigration purposes.  Because the
appellant did not appeal the BIA's decision upholding the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

immigration judge's deportation order, the only decision before us is the BIA's denial of the appellant's motion for reconsideration.  Thus, rather than reviewing the BIA's legal findings *de novo*, we review its decision to not reconsider its earlier determination under the highly deferential abuse of discretion standard.  Singh v. Gonzales, 436 F.3d 484, 487 (5th Cir. 2006) (citation omitted).  We must affirm the BIA's decision unless it is "capricious, racially invidious, utterly without foundation in evidence, or otherwise so irrational that it is arbitrary."  Id.  Here, the BIA adhered to precedent that it reasonably believed to be valid.  Therefore, regardless of the actual status of Renteria-Gonzalez v. INS, 322 F.3d 804, 814 (5th Cir. 2002), the BIA did not abuse its discretion in denying the appellant's motion for reconsideration.

Second, Okoronkwo argues that the immigration judge erred in denying his request for a hardship waiver under § 216(c)(4)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1186a(c)(4)(B). Our Court lacks jurisdiction to review the BIA's refusal to grant reconsideration of its decision that Okoronkwo was not entitled to a waiver under § 1186a(c)(4)(B).  See Assaad v. Ashcroft, 378 F.3d 471, 474-75 (5th Cir. 2004).

DENIED IN PART AND DISMISSED IN PART FOR LACK OF JURISDICTION.