# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 17, 2010

No. 09-60520
Summary Calendar

Lyle W. Cayce
Clerk

GIRMATZION TEDLA-OKBU,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A099 679 542

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Girmatzion Tedla-Okbu, a native and citizen of Eritrea, petitions this court for review of the Board of Immigration Appeals's (BIA) decision affirming the denial of asylum, withholding of removal, and protection under the Convention Against Torture (CAT) and dismissing his appeal. Tedla-Okbu sought relief based on his allegation that he was persecuted for speaking against the Eritrean government. The Immigration Judge (IJ) found that Tedla-Okbu was not credible because his testimony was inconsistent with his I-589

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

application, his application for redetermination of custody status, and a letter submitted in support of his claim by a friend located in Sudan. The IJ also noted that Tedla-Okbu failed to provide corroborating evidence of his alleged arrest and injuries suffered during the arrest. The BIA upheld the IJ's adverse credibility determination and determined that Tedla-Okbu failed to meet his burden of proving that he was eligible for relief. Tedla-Okbu challenges the negative credibility determinations, arguing that the BIA and the IJ misconstrued the facts and considered irrelevant information.

This court defers to the IJ's determination that an alien is not credible "'unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling.'" *Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009) (quoting *Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008)). Although an alien has always been required to present corroborating evidence if the IJ disbelieves his testimony, *see* 8 C.F.R. § 208.16(b); *Sidhu v. INS*, 220 F.3d 1085, 1090 (9th Cir. 2000) (cited with approval in *Mutagwanya v. Gonzales*, 129 F. Appx 899, 900 (5th Cir. 2005)), the REAL ID Act permits an IJ to require an alien to submit evidence to corroborate even credible testimony if the evidence is reasonably available. 8 U.S.C. § 1158(b)(1)(B)(ii) (asylum); 8 U.S.C. §§ 1231(b)(3)(C) (withholding of removal); § 1229a(c)(4)(B).

The adverse credibility findings by the BIA and the IJ are supported by inconsistencies in the record. In both his asylum application and his application for redetermination of custody status, Tedla-Okbu omitted any reference to arrests or beatings suffered in Eritrea to which he testified before the IJ. Additionally, the letter submitted by Tedla-Okbu's friend in Sudan, Dawit Girmay, made no reference to any beatings suffered while in Eritrea. Moreover, the letter does not state that Tedla-Okbu was arrested with Girmay. The BIA and the IJ further noted that Tedla-Okbu failed to provide any corroborating evidence of his alleged eye injury or the arrests. The concern over Tedla-Okbu's failure to provide sufficient corroborating evidence was appropriate, especially

given that his testimony was deemed to be incredible.  Moreover, the fact that Tedla-Okbu remained in Eritrea for eight months after his alleged arrest without further incident diminishes his claim that he would be subject to persecution or torture should he return.

Absent credible evidence, the finding that Tedla-Okbu failed to carry his burden of establishing his eligibility for asylum, withholding of deportation, or relief under the CAT is supported by substantial evidence.  *See Chun v. INS*, 40 F.3d 76, 78-79 (5th Cir. 1994); *see also Eduard v. Ashcroft*, 379 F.3d 182, 186 n.2 (5th Cir. 2004); *Efe v. Ashcroft*, 293 F.3d 899, 907 (5th Cir. 2002).

Tedla-Okbu's petition for review is DENIED.