# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 14, 2011

No. 10-60157
Summary Calendar

Lyle W. Cayce
Clerk

MARIO ALBERTO ALONSO FERNANDEZ,

Petitioner

v.

ERIC HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A091 224 695

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Mario Alberto Alonso Fernandez, a native and citizen of Mexico, seeks a petition for review of the order of the Board of Immigration Appeals (BIA) ordering his removal under § 237(a)(1)(E)(i) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1227(a)(1)(E)(i), as an alien who knowingly encouraged, induced, assisted, abetted, or aided another alien to enter or try to enter the United States; and under INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), as

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

an alien convicted of aggravated felony, specifically, transporting undocumented aliens within the United States.

At a hearing on the charges, Alonso, an associate of Alonso's, and an Immigrations and Customs Enforcement agent testified regarding Alonso's involvement in the transportation of several illegal aliens to and within the United States.  The testimony showed that Alonso participated in a plan to transport a group of aliens in Mexico almost to the border with the United States, cross into the United States without the aliens, rejoin the aliens at a gas station just within the United States border, and then assist the aliens travel further within the United States.  Alonso argues that the IJ improperly considered evidence outside of the record of his conviction to sustain the § 1227(a)(1)(E)(i) charge.  Section 1227(a)(1)(E)(i) "requires only a showing of, not a conviction of, unlawful presence in the United States and alien smuggling activities."  *Renteria-Gonzalez v. INS*, 322 F.3d 804, 817 n.15 (5th Cir. 2002). Thus, the IJ"s consideration of evidence regarding Alonso's actual conduct rather than only evidence of the 1997 offense of conviction was proper.  *See id*.

The IJ and BIA further properly relied upon the evidence of those same activities to conclude that Alonso was inadmissible under INA § 212(a)(6)(E)(i), 8 U.S.C. § 1182(a)(6)(E)(i).  Under §  8 U.S.C. § 1182(a)(6)(E)(i), "Any alien who at any time knowingly has encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law is inadmissible."  As with §  1227(a)(1)(E)(i), the analysis focuses on the actual conduct rather than on a conviction for a criminal offense.  *See Soriano v. Gonzalez*, 484 F.3d 318, 319-21 (5th Cir. 2007).

Because Alonso was inadmissible under §  1182(a)(6)(E)(i), he was not eligible for a waiver under INA § 212(h), 8 U.S.C. § 1182(h), which permits the waiver of inadmissibility under § 1182(a)(2)(A)(i)(I), (II), (B), (D), and (E).

The petition for review is DENIED.