# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60255
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 7, 2014

Lyle W. Cayce
Clerk

IVAN ALFREDO HERNANDEZ-CARDOZA,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 451 832

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Ivan Alfredo Hernandez-Cardoza (Hernandez), a native and citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals (BIA) denying his motion to reopen his removal proceedings. Hernandez sought reopening based on the vacatur of his New Mexico conviction of battery on a household member, a conviction which made him statutorily ineligible for cancellation of removal. *See* 8 U.S.C. §§ 1227(a)(2)(E)(i), 1229b(b)(1)(C).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60255

Hernandez contends that the documents submitted in connection with his motion to reopen establish that his conviction was vacated as a result of a procedural or substantive defect in the underlying criminal proceeding. Therefore, he asserts, under BIA precedent the conviction is no longer valid for immigration purposes. The Respondent argues that the BIA rationally denied the motion to reopen because Hernandez did not meet his burden to show that the conviction was vacated due to a procedural or substantive defect.

This court employs a "highly deferential abuse-of-discretion standard" when reviewing the denial of a motion to reopen immigration proceedings. *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). Such motions are disfavored, and the moving party must carry a heavy burden to prevail. See *INS v. Abudu*, 485 U.S. 94, 110 (1988). Even if this court might think the denial of a motion to reopen to be in error, the ruling will stand if "it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Zhao*, 404 F.3d at 304 (internal quotation marks and citation omitted).

The parties argue their respective positions under *In re Pickering*, 23 I.&N. Dec. 621 (BIA 2003). *Pickering*, however, is not the law of this circuit. *See Garcia-Maldonado v. Gonzales*, 491 F.3d 284, 291 (5th Cir. 2007). Under our precedent, "a vacated conviction, federal or state, remains valid for purposes of the immigration laws." *Renteria-Gonzalez v. INS*, 322 F.3d 804, 814 (5th Cir. 2002). The BIA's rejection of Hernandez's contention that the vacated conviction was no longer valid is consistent with the rule of *Renteria-Gonzalez*, and we discern no abuse of discretion. *See Zhao*, 404 F.3d at 304. As an alternative ground for our disposition, we briefly address below the BIA's

application of the *Pickering* approach and again reach the conclusion that no abuse of discretion has been shown.

"[T]here is a significant distinction between convictions vacated on the basis of a procedural or substantive defect in the underlying proceedings and those vacated because of post-conviction events, such as rehabilitation or immigration hardships." *Pickering*, 23 I.&N. Dec. at 624. Where a case is vacated based on a defect in the underlying criminal proceedings, the alien no longer has a "conviction" for purposes of the immigration laws. *See id.* "If, however, a court vacates a conviction for reasons unrelated to the merits of the underlying criminal proceedings, the [alien] remains 'convicted' for immigration purposes." *Id.* In making this determination, the BIA "look[s] to the law under which the [vacating] court issued its order and the terms of the order itself, as well as the reasons presented by the [alien] in requesting that the court vacate the conviction." *Id.* at 625.

As the BIA determined, the evidence does not reveal the reason that the conviction was vacated, and none of the documents indicate a determination that Hernandez was not properly advised as to the immigration consequences of his plea, which was the basis on which he sought vacatur. Given the deficiencies in the supporting evidence under *Pickering*, which were amply discussed by the BIA, Hernandez fails to establish that the BIA abused its discretion in denying his motion to reopen. *See Zhao*, 404 F.3d at 304.

In view of the foregoing, we need not address Hernandez's contentions as to the BIA's determination that he did not satisfy the 10-year continuous presence requirement. The petition for review is DENIED.